LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

DERRICK STEWART,
*on behalf of himself, FLSA Collective Plaintiffs,*          Case No.:
*and the Class,*

                               Plaintiff,          **CLASS AND COLLECTIVE**
                                           **ACTION COMPLAINT**

               v.          **Jury Trial Demanded**

HUDSON HALL LLC
       d/b/a MERCADO LITTLE SPAIN,
HUDSON HALL HOLDINGS LLC
       d/b/a MERCADO LITTLE SPAIN,
THINK FOOD GROUP, LLC,
and JOSÉ RAMON ANDRÉS PUERTA
       a/k/a JOSÉ ANDRÉS,

                               Defendants.
_____


      Plaintiff DERRICK STEWART ("Plaintiff STEWART," or "Plaintiff"), on behalf of

himself and others similarly situated, by and through his undersigned attorneys, hereby files this

Class and Collective Action Complaint against Defendants, HUDSON HALL, LLC d/b/a

MERCADO LITTLE SPAIN, HUDSON HALL HOLDINGS LLC d/b/a MERCADO LITTLE

SPAIN, THINK FOOD GROUP, LLC (collectively, "Corporate Defendants"), JOSÉ RAMON

ANDRÉS PUERTA a/k/a JOSE RAMON ("Defendant JOSÉ ANDRÉS"; and collectively with the Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages for off-the-clock work, (3) liquidated damages and (4) attorneys' fees and costs.

2.     Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages for off-the-clock work, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff STEWART is a resident of Kings County, New York.

6.     Defendants operate a restaurant enterprise under the trade name "MERCADO LITTLE SPAIN" at the following address:

10 Hudson Yards, New York, NY 10001.

7.     Defendants operate the following restaurants, bars, and kiosks which serve food and beverages at the above address:

    a.  Restaurants: Leña, Mar, and Spanish Diner (collectively, the "Restaurants");

    b.  Bars: (Spanish) Diner Bar, Vinos, and Bar Celona (collectively, the "Bars");

    c.  Kiosks: Bar Manolo, Bocatas & Empanadas, Bravas, Churros, Cocas, Frutas & Verduras, Granja, Helados, Jamón & Queso, La Barra, Paella al Plato, Pasteles, Pescados & Mariscos, Pulpo y Mejillones, and Tortilla de Patatas (collectively, the "Kiosks").

8.     The Restaurants, Bars, and Kiosks at MERCADO LITTLE SPAIN are commonly owned and operated by Defendants, and are advertised on the following website: http://www.littlespain.com. Attached hereto as **Exhibit A** is the floor layout plan for MERCADO LITTLE SPAIN. *See also id.* ("The Mercado (or Market) area of Mercado Little Spain is its very heart—a bustling area inspired by the many historic market halls throughout Spain. Spanish mercados are farm stands, food stalls, bars, and grocery stores, *all under one roof*.") (emphasis added).

9.     Specifically, the Restaurants, Bars, and Kiosks are engaged in related activities, share common ownership, and have a common business purpose:

    a.  The Restaurants, Bars, and Kiosks share similar menus, with many identical menu items;

    b.  Employees are interchangeable among the Restaurants, Bars, and Kiosks, and in fact Plaintiff STEWART began his employment with Defendants at the Leña Restaurant, but was later transferred to the Frutas & Verduras Kiosk, and then subsequently the Spanish Diner Restaurant;

    c.   The Restaurants, Bars, and Kiosks share payroll methods and have a single, centralized system of labor relations for employees. When Plaintiff STEWART was transferred from employment at the Leña Restaurant to the Spanish Diner Restaurant, Defendants paid him through the same corporate entity, Defendant HUDSON HALL, LLC.

10.    Corporate Defendant HUDSON HALL LLC d/b/a MERCADO LITTLE SPAIN is a domestic business corporation organized under the laws of New York with its principal place of business at 60 Columbus Circle, New York, NY 10023 and an address for service of process at 80 State Street, Albany, New York, 12207.

11.    Corporate Defendant HUDSON HALL HOLDINGS LLC d/b/a MERCADO LITTLE SPAIN is a domestic business corporation organized under the laws of New York State with an address for service of process at 80 State Street, Albany, New York, 12207.

12.    Corporate Defendant THINK FOOD GROUP, LLC is a foreign business corporation organized under the laws of Delaware, with a principal place of business at 717 D Street, NW 6th Floor, Washington, DC 20004 and an address for service of process at 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE 19810.

13.    Individual Defendant JOSÉ ANDRÉS is an owner and principal of the Corporate Defendants. Defendant JOSÉ ANDRÉS exercises operational control as it relates to all employees including Plaintiff STEWART, FLSA Collective Plaintiffs, and the Class. Defendant JOSÉ ANDRÉS frequently visited MERCADO LITTLE SPAIN. Defendant JOSÉ ANDRÉS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff STEWART, FLSA

Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant JOSÉ ANDRÉS directly regarding any of the terms of their employment, and Defendant JOSÉ ANDRÉS had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

14.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

16.     Although Plaintiff STEWART did not work at all of the Restaurants, Bars, and Kiosks at MERCADO LITTLE SPAIN, each of the Restaurants, Bars, and Kiosks located in MERCADO LITTLE SPAIN are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants, Bars, Kiosks, and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff STEWART seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff STEWART brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, cooks, food preparers, cashiers, counter persons, butchers, cleaners, dishwashers, porters, bussers, and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff STEWART and the other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay them for all hours worked and to pay them overtime compensation at the rate of one and one half times the regular rate for work performed in excess of forty (40) hours per week. The claims of Plaintiff STEWART stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §216(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff STEWART brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited cooks, food preparers, cashiers, counter persons, butchers, cleaners, dishwashers, porters, bussers, and food runners employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

21.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiff STEWART's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) mandating unpaid off-the-clock work, (ii) failing to pay overtime premium, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

24.     Plaintiff STEWART is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff STEWART is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b)  What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e)  Whether Defendants required Plaintiff and the Class members to perform unpaid off-the-clock work;

f)  Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g)  Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

h)  Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and other

information required to be provided on wage statements, as required under the New York Labor Law; and

i) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

28.    In or around March 2019, Defendants hired Plaintiff STEWART to work as a cook for Defendants' Leña Restaurant located inside MERCADO LITTLE SPAIN at 10 Hudson Yards, New York, NY 10001. In or around June 2019, Plaintiff STEWART was transferred by Defendants to work at the Spanish Diner Restaurant inside MERCADO LITTLE SPAIN. In or around June 2019, Plaintiff STEWART additionally worked approximately four shifts at the Frutas & Verduras Kiosk inside MERCADO LITTLE SPAIN. Plaintiff STEWART worked primarily at the Spanish Diner Restaurant for the remainder of his employment with Defendants. Plaintiff's employment with Defendants terminated in September 2019.

29.    From approximately March 2019 to June 2019,  Plaintiff worked five (5) days per week for seven (7) hours per day, for a total of thirty-five (35) hours each week at an hourly rate of $17.00.  From approximately June 2019 to September 2019, Plaintiff worked five (5) days per week for nine (9) hours per day, for a total of forty-five (45) hours each week at an hourly rate of $17.00. During Plaintiff STEWART's employment with Defendants, FLSA Collective Plaintiffs, and Class members worked similar hours and were paid at similar rates.

30.    Throughout his employment with Defendants, Plaintiff STEWART was expected to clock-out at the end of his scheduled shifts, but was instructed by Defendants' managers to continue performing other work tasks, such as cleaning and scrubbing the floor. Plaintiff

STEWART was expected to perform these off-the-clock work tasks for approximately thirty (30) minutes after the close of each scheduled shift, four (4) times per week. Therefore, Plaintiff STEWART performed two (2) hours of off-the-clock work each week. Plaintiff STEWART was not paid for this off-the-clock work. Similarly, FLSA Collective Plaintiffs and Class members performed off-the-clock work at the end of their scheduled shifts, and were not compensated for this off-the-clock work.

31.     Furthermore, at all times relevant to this action, Defendants maintained a policy of requiring a manager's approval to clock-in an employee five (5) minutes or more either prior to or after the beginning of the employee's scheduled shift. Due to this limited window of time in which Plaintiff was able to clock-in for each of his shifts, Plaintiff would periodically require a manager's approval to clock-in, though Plaintiff would begin working as soon as he arrived. However, despite Plaintiff STEWART's efforts to timely have a manager clock him in for work, Defendants' managers were routinely derelict in clocking Plaintiff in for his scheduled shifts. Just as often, Defendants' managers did not clock Plaintiff STEWART in at the time he actually arrived for his scheduled shift and began working, but rather the time at which the *manager* was ultimately *called over* to clock-in Plaintiff. Plaintiff STEWART was not paid for this off-the-clock work. Similarly, FLSA Collective Plaintiffs and Class members performed off-the-clock work due to Defendants' managers' routine failure to timely clock-in employees, and were not compensated for this off-the-clock work.

32.     In addition, at all times relevant to this action, Defendants would automatically deduct thirty (30) minutes from Plaintiff STEWART's scheduled work shifts. However, due to how busy his scheduled shifts were, Plaintiff STEWART was rarely able to take a lunch break— let alone for thirty (30) minutes. Therefore, Plaintiff STEWART routinely performed off-the-clock

11

work each shift during Defendants' automatically imposed lunch break period. Plaintiff STEWART was not paid for this off-the-clock work. Similarly, FLSA Collective Plaintiffs and Class members performed off-the-clock work due to Defendants' automatically imposed lunch breaks, and were not compensated for this off-the-clock work.

33.     Defendants did not provide Plaintiff STEWART with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

34.     Defendants did not provide Plaintiff STEWART with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

35.     Plaintiff STEWART, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff STEWART and Class members, in violation of the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff STEWART and Class members, in violation of the NYLL.

38.     Plaintiff STEWART retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

39.     Plaintiff STEWART realleges by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

40.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

43.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

44.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

45.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

49.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

50.     Plaintiff STEWART realleges by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

51.     At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

52.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

53.     Defendants willfully violated Plaintiff and the Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work.

54.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

14

55.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

56.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

57.     Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime premium, compensation for unpaid off-the-clock hours worked, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEWART, on behalf of himself, FLSA Collective Plaintiffs, and the Class respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  An award of unpaid wages, including overtime compensation, due to Defendants' policy of requiring off-the-clock work under the FLSA and NYLL;

d.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

e.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages for off-the-clock work, pursuant to the FLSA or NYLL;

f.   An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

g.   Designation of Plaintiff STEWART as Representative of the FLSA Collective Plaintiffs;

h.   Designation of this action as a class action pursuant to F.R.C.P. 23;

i.   Designation of Plaintiff STEWART as Representative of the Class; and

j.   Such other and further relief as this Court deems just and proper.


### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: January 31, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: _/s/ C.K. Lee_

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*