**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DERRICK STEWART,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

               Plaintiffs,

               v.

HUDSON HALL LLC
      d/b/a MERCADO LITTLE SPAIN,
HUDSON HALL HOLDINGS LLC
      d/b/a MERCADO LITTLE SPAIN,
THINK FOOD GROUP, LLC,
and JOSÉ RAMON ANDRÉS PUERTA
      a/k/a JOSÉ ANDRÉS,

         Defendants.

Case No. 1:20-cv-00885-PGG-SLC

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE AMENDED COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Attorneys for Defendants Hudson Hall*
*LLC, Hudson Hall Holdings LLC, Think Food*
*Group LLC, and José Ramon Andrés Puerta a/k/a*
*José Andrés*

<u>On Brief:</u>

Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
Matthew C. Berger, Esq.

110690139

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 3

    I.      LEGAL STANDARD ......................................................................................... 6

    II.     PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT IMPERMISSIBLY UTILIZES GROUP PLEADINGS AND DOES NOT COMPLY WITH RULE 8 PLEADING STANDARDS ..................................................................................................... 7

    III.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST JOSÉ ANDRÉS, HUDSON HALL HOLDINGS, AND THINK FOOD GROUP ........................................................................... 9

        A.     Plaintiff Fails to Sufficiently Allege that José Andrés Was His Employer Under the FLSA or the NYLL .................................................. 9

        B.     Plaintiff Fails to Sufficiently Allege that Hudson Hall Holdings or Think Food Group Were His Employers Under the FLSA or the NYLL ................................................................................................12

            1.     Plaintiff Has Not Alleged Facts Showing That Hudson Hall Holdings or Think Food Group Had Formal Control Over Plaintiff's Employment ..............................................................13

            2.     Plaintiff Has Not Alleged Facts To Show That Hudson Hall Holdings or Think Food Group Exercised Functional Control Over Plaintiff's Employment .....................................................15

            3.     Plaintiff Has Not and Cannot Allege Facts Sufficient to Show That The Corporate Defendants Were Operating a Single Integrated Enterprise ................................................................16

CONCLUSION....................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Sales Co. v. AstraZeneca AB*,
No. 10-cv-6062 (PKC), 2011 WL 1465786 (S.D.N.Y. Apr. 14, 2011) ..............................7, 8

*Archarya v. 7-Eleven, Inc.*,
No. 1:18-cv-08010, 2019 WL 6830203 (S.D.N.Y. Dec. 13, 2019)......................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................1, 6

*Ayala v. Looks Great Servs., Inc.*,
No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548 (E.D.N.Y. June 23, 2016) ......................11

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008) ................................................................................................9

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................1, 6

*Bravo v. Est. Burger One, LLC*,
No. 12-cv-9044, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013)..............................................16

*Carter v. Dutchess Community College*,
735 F.2d 8 (2d Cir. 1984) ........................................................................................2, 9, 13

*Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*,
No. 17-cv-4058 (RA), 2018 WL 6655607 (S.D.N.Y. Dec. 19, 2018) ...........................13, 16

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010) ................................................................................................3

*Gulino v. New York State Educ. Dep't*,
460 F. 3d 361 (2d Cir. 2006) ..............................................................................................15

*Herman v. RSR Sec. Servs.*,
172 F. 3d 132 (2d Cir. 1999) ........................................................................................12, 13

*Irizarry v. Catsimatidis*,
722 F.3d 99 (2d Cir. 2013) ..........................................................................................10, 12

*Leneau v. Ponte*,
No. 1:16-cv-776 (GHW), 2018 WL 566456 (S.D.N.Y. Jan. 25, 2018), *appeal
dismissed* (2d Cir. July 16, 2018)........................................................................................8

*Lin v. Comprehensive Health Mgmt.*,
No. 08-cv-5619, 2009 WL 976835 (S.D.N.Y. April 9, 2009).............................................9, 12

*Lopez v. Acme Am. Envtl. Co.*,
No. 12-cv-511 (WHP), 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012)....................... 13, 14, 17

*Mills-Sanchez v. Research Found. for State Univ. of New York*,
No. 1:18-cv-723 (GLS) (DJS), 2019 WL 2549726 (N.D.N.Y. June 20, 2019)......................7

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
No. 12-cv-2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)............................1, 7, 8

*Rutherford Food Corp. v. McComb*,
331 U.S. 722 (1947)...................................................................................................15

*Vasto v. Credico (USA) LLC*,
No. 15-cv-9298 (PAE), 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016)..................................10

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
853 F. Supp. 2d 290, 2012 WL 566255 (E.D.N.Y. 2012).....................................................14

*Zheng v. Liberty Apparel Co. Inc.*,
355 F. 3d 61 (2d Cir. 2003) .......................................................................................14, 15

**Statutes**

29 U.S.C. § 203(d) ....................................................................................................................9

**Other Authorities**

Federal Rules of Civil Procedure Rule 8......................................................................1, 7, 8, 18

Federal Rules of Civil Procedure Rule 12.............................................................................1, 6

## PRELIMINARY STATEMENT

Defendants Hudson Hall LLC, Hudson Hall Holdings LLC, Think Food Group LLC (collectively, the "Corporate Defendants"), and José Ramon Andrés Puerta a/k/a José Andrés (together with the Corporate Defendants, the "Defendants") move to dismiss the Amended Complaint filed by Plaintiff Derrick Stewart ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Amended Complaint should be dismissed in its entirety because it impermissibly employs group pleadings in violation of the requirements of Rule 8 and otherwise fails to state plausible claims for relief under the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). Alternatively, the Court should dismiss the Amended Complaint against Defendants Hudson Hall Holdings, Think Food Group, and Mr. Andrés because Plaintiff fails to allege that they were Plaintiff's employers under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) also requires a plaintiff to clearly indicate the allegations made against each defendant and the relief sought with respect to each defendant. A plaintiff cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-cv-2837 (KBF), 2012 WL 6082387, at *6-7 (S.D.N.Y. Dec. 3, 2012). The Amended Complaint violates these parameters. Indeed, the Amended Complaint is replete with impermissible "group pleadings" against all Defendants, such that none of the defendants have been provided with adequate notice of the claims against them specifically. As such, it violates applicable pleading standards and therefore it should be dismissed.

1

Even if the Amended Complaint did not violate Rule 8(a)—which is not the case—it is still defective.  The Amended Complaint fails to set forth facts necessary to articulate plausibly that Mr. Andrés, Hudson Hall Holdings, or Think Food Group are Plaintiff's employer under the FLSA or NYLL.[1]  In fact, with respect to Mr. Andrés, the Amended Complaint fails to allege specific facts addressing any of the *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), factors concerning his individual liability under the FLSA and NYLL, other than in a wholly insufficient and conclusory manner.  This is insufficient under Second Circuit precedent to establish that Mr. Andrés was Plaintiff's employer under the FLSA and NYLL and, therefore, all claims against Mr. Andrés should be dismissed.

Regarding Hudson Hall Holdings and Think Food Group, the Amended Complaint is devoid of any facts sufficient to demonstrate that either entity exercised formal or functional control over Plaintiff's employment.  Indeed, other than their addresses, states of incorporation, and the fact that both entities have an ownership interest in Hudson Hall, LLC, there are no facts concerning either Hudson Hall Holdings or Think Food Group in the Amended Complaint.  This alone is grounds to dismiss the claims against these Corporate Defendants.

Moreover, the Amended Complaint does not set forth any facts to establish that the Corporate Defendants are a single integrated enterprise, such that all of the Corporate Defendants can be deemed liable as Plaintiff's employer under the FLSA and NYLL.  Again, the Amended Complaint is simply devoid of any facts to support any plausible assumption concerning Plaintiff's assertion that the Corporate Defendants operate a single integrated enterprise.  This is insufficient

---

[1] For purposes of this Motion only, Defendants will assume that Plaintiff has alleged just enough facts to allege plausibly that Hudson Hall LLC was Plaintiff's employer under the FLSA and NYLL.  *See infra*, at p. 4.  Accordingly, this Motion will not address Plaintiff's allegations regarding Hudson Hall.

under applicable law to hold Hudson Hall Holdings or Think Food Group liable for the alleged FLSA and NYLL violations. Accordingly, if the Court does not dismiss the Amended Complaint in its entirety, it should still dismiss the Amended Complaint with respect to Hudson Hall Holdings and Think Food Group on the grounds that Plaintiff has failed to allege facts sufficient to plausibly allege that they were his employer.

For all of these reasons and as set forth below, the Amended Complaint is fatally defective and Defendants' Motion should be granted.

## STATEMENT OF FACTS[2]

Plaintiff—a former cook who allegedly worked at two restaurants and a food kiosk in the Mercado Little Spain marketplace at Hudson Yards—purports to represent all non-exempt employees of Mercado Little Spain, including cooks, food preparers, cashiers, counter persons, butchers, cleaners, dishwashers, servers, porters, bussers, and food runners in the instant class and collective action and alleges that he and the purported class and collective action members are entitled to recover from all Defendants (1) unpaid overtime compensation, (2) unpaid wages for off-the-clock work, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs for violations of the FLSA and the NYLL. (Am. Compl.[3] ¶¶ 1-2, 19, 22, 30-31). Plaintiff asserts that he and the class and collective action members are entitled to such relief because Defendants allegedly failed to pay for all time worked (including at the proper overtime rate for

---

[2] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Amended Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Amended Complaint.

[3] "Am. Compl." is the Amended Complaint that Plaintiff filed in this Court and is listed on the Court's Docket as Docket Entry 26.

110690139

hours worked above 40 in a work week) and failed to provide the required rate of pay forms and wage statements.   (Am. Compl. ¶¶ 49-50, 58-62.)

Regarding the Corporate Defendants, Plaintiff alleges only that each Corporate Defendant "own[s] and operate[s] the Restaurants, Kiosks and Bars, which comprise the marketplace Mercado Little Spain" (Am. Compl. ¶¶ 11-13), and that Hudson Hall paid Plaintiff and hired him to work as a cook at Leña Spain, one of Mercado Little Spain's restaurants (Am. Compl. ¶¶ 10(d), 30).   Generally, however, the Amended Complaint contains the same allegations against *all* Defendants (except, as discussed below, the wholly conclusory and insufficient allegations against Mr. Andrés) rather than specific allegations against each Defendant, including that:

- "Plaintiff Stewart and the other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to ***Defendants'*** decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules . . ." (Am. Compl. ¶ 20) (emphasis added);

- "All the Class members were subjected to the same corporate practices of ***Defendants***" and "***Defendants'*** corporate-wide policies and practices affected all Class members similarly, and ***Defendants*** benefited from the same type of unfair and/or wrongful acts as to each Class member" (Am. Compl. ¶ 25) (emphasis added);

- "Just as often, ***Defendants'*** managers did not clock Plaintiff Stewart in at the time he actually arrived for his scheduled shift and began working . . ." (Am. Compl. ¶ 37) (emphasis added);

4

- "[A]t all times relevant to this action, ***Defendants*** would automatically deduct thirty (30) minutes for a meal break from Plaintiff Stewart's scheduled work shifts" and "Similarly, FLSA Collective Plaintiffs and Class members performed off-the-clock work due to ***Defendants'*** automatically imposed lunch breaks, and were not compensated for this off-the-clock work" (Am. Compl. ¶ 38) (emphasis added);

- "At all relevant times, ***Defendants*** had a policy and practice of failing to pay wages for all hours worked" (Am. Compl. ¶ 49) (emphasis added);

- "At all relevant times, ***Defendants*** willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving" (Am. Compl. ¶ 50) (emphasis added);

- "***Defendants*** failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law" (Am. Compl. ¶ 60) (emphasis added);

- "***Defendants*** failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law" (Am. Compl. ¶ 61) (emphasis added); and

- "***Defendants*** failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3)" (Am. Compl. ¶ 62) (emphasis added).

With respect to Mr. Andrés, the Amended Complaint contains wholly conclusory allegations, to wit, that Mr. Andrés "is an owner and principal of the Corporate Defendants," that

5

he "exercises operational control as it relates to all employees," that he "exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees," that he "had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly." (Am. Compl. ¶ 14). The only specific allegations against Mr. Andrés include purported examples of Mr. Andrés' control over business operations and payroll practices by referring to (1) a Twitter post from Mr. Andrés, wherein Mr. Andrés addresses a "glitch" that caused some employees to be underpaid and notes that employees can "come to us with any issue", and (2) a corporate press release titled "A Message From José Andrés" noting that Mercado Little Spain would be temporarily closing due to COVID-19. (Am. Compl. ¶ 15; Am. Compl. Exhibits B and C). However, none of these allegations concern Plaintiff, Plaintiff's employment, or the allegations about which Plaintiff claims violated applicable law.

## LEGAL ARGUMENT

## I.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the facts set forth in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a

6

cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, at 676 (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

Under this controlling standard, the Amended Complaint should be dismissed.

## II.     PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE IT IMPERMISSIBLY UTILIZES GROUP PLEADINGS AND DOES NOT COMPLY WITH RULE 8 PLEADING STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are supposed to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8(a) further requires plaintiffs to "indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. AstraZeneca AB*, No. 10-cv-6062 (PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011). Plaintiff cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Ochre LLC*, 2012 WL 6082387, *6-7.

Throughout the Amended Complaint, Plaintiff makes sweeping references to the "Defendants" without attempting to distinguish between them. Indeed, the Amended Complaint is littered with examples of this type of improper pleading practice. *See, supra*, pp. 3-4. Thus,

7

Plaintiff's impermissible group pleading fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Specifically, the Amended Complaint fails to comply with Rule 8, as Plaintiff's allegations are inexcusably asserted against all Defendants along with "[t]hreadbare recitals of the elements of a cause of action." *Mills-Sanchez v. Research Found. for State Univ. of New York*, No. 1:18-cv-723 (GLS) (DJS), 2019 WL 2549726, at *5 (N.D.N.Y. June 20, 2019). Thus, in order to include Mr. Andrés, Hudson Hall Holdings, and Think Food Group as defendants in this proceeding, Plaintiff has simply "lumped" each of them in with Hudson Hall (the only entity Plaintiff arguably alleges enough facts about to support a claim that the entity actually hired him and that paid him his wages[4]) and alleges that all "Defendants" were responsible for the alleged violations of the FLSA and the NYLL. Just as in *Am. Sales Co.*, and *Ochre LLC*, the failure to distinguish each Defendants' alleged conduct results in the Amended Complaint reading as if each Defendant committed all of the alleged wrongful acts, such that none of the Defendants have been provided with adequate notice of the claims against them specifically, warranting dismissal of the Amended Complaint. *See Ochre LLC*, 2012 WL 6082387, at *6-7 (dismissing complaint because plaintiffs engaged in group pleading in violation of Rule 8).

A Plaintiff cannot employ group pleading in an attempt to "force the various defendants to guess at the nature" of its claims. *Id.*, at *7 (dismissing, with prejudice where plaintiff failed to allege "plausible facts" supporting its claims or conduct by each defendant constituting wrongful acts); *see also Leneau v. Ponte*, No. 1:16-cv-776 (GHW), 2018 WL 566456, at *15 (S.D.N.Y. Jan.

---

[4] Again, for purposes of this Motion only, Defendants will assume Plaintiff has pleaded just enough facts with respect to Hudson Hall to survive a motion to dismiss.

25, 2018), *appeal dismissed* (2d Cir. July 16, 2018) (complaints that rely on "group pleading" and "fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.") (internal citations omitted).  However, this is exactly what the Amended Complaint forces Defendants to do.  The Amended Complaint fails to differentiate the conduct of any of the Defendants so that none of the Defendants have any idea as to the exact factual allegations concerning against each of them.

Accordingly, Plaintiff's Amended Complaint should be dismissed, with prejudice, because it fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

## III.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST JOSÉ ANDRÉS, HUDSON HALL HOLDINGS, AND THINK FOOD GROUP

If the Court declines to dismiss the Amended Complaint in its entirety, the Court should dismiss the Amended Complaint against Defendants Hudson Hall Holdings, Think Food Group, and Mr. Andrés because Plaintiff fails to allege that they were his employers under the FLSA or the NYLL.

### A.   Plaintiff Fails to Sufficiently Allege that José Andrés Was His Employer Under the FLSA or the NYLL

Because the Amended Complaint fails to allege sufficient facts that the Mr. Andrés was Plaintiff's employer under the FLSA or the NYLL, Mr. Andrés should be dismissed from the action.

Individual liability under the FLSA and NYLL extends only to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather

110690139

upon the circumstances of the whole activity." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted). Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12; *see also Lin v. Comprehensive Health Mgmt.*, No. 08-cv-5619 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. April 9, 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL). Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

Plaintiff's initial attempts in the original Complaint to plead facts sufficient to state a claim of individual liability with respect to Mr. Andrés fell far short of the necessary threshold under the Federal Rules and applicable case law. Rather, Plaintiff alleged (and continues to allege), in a wholly conclusory manner, that Mr. Andrés "is an owner and principal of the Corporate Defendants," that he "exercises operational control as it relates to all employees," that he "exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees," that he "had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly." (Am. Compl. ¶ 14). However, Plaintiff fails to provide any concrete factual assertions

10

to support these conclusory allegations and individual liability cannot be based on such conclusory allegations alone. *See, e.g., Vasto v. Credico (USA) LLC*, No. 15-cv-9298 (PAE), 2016 WL 4147241, at \*7 (S.D.N.Y. Aug. 3, 2016) (dismissing FLSA claims against individual defendant where the complaint "d[id] not plead any facts that would permit the Court to infer that Young had 'operational control' over 'employment-related factors such as workplace conditions and operations, personnel, or compensation.'") (quoting *Irizarry*, 722 F.3d at 109).

Clearly, Plaintiff is aware that such conclusory allegations are insufficient to survive a motion to dismiss because he attempted to remedy this deficiency in the Amended Complaint by adding additional allegations against Mr. Andrés; however, Plaintiff's renewed efforts to avoid dismissal also fall far short of the required pleading standards. The only specific allegations against Mr. Andrés in the Amended Complaint are supposed examples of Mr. Andrés' control over general business operations and payroll practices of Mercado Little Spain—a Twitter post from Mr. Andrés, wherein Mr. Andrés addresses a "glitch" that caused some employees to be underpaid and notes that employees can "come to us with any issue", and a corporate press release titled "A Message From José Andrés" noting that Mercado Little Spain would be temporarily closing due to COVID-19. (Am. Compl. ¶ 15; Am. Compl. Exhibits B and C). To suggest that these allegations plausibly show that Mr. Andrés had ***actual*** control over any business operations or payroll practices or any role in the alleged FLSA and NYLL violations at issue is absurd. Not only does Plaintiff fail to allege that Mr. Andrés had any actual control over any business operations or payroll practices as they relate to Plaintiff specifically, it is clear from these Exhibits that Mr. Andrés was acting as a spokesperson for Mercado Little Spain, not that employees could (or did) actually come to Mr. Andrés personally with payroll or business operation issues or that Mr. Andrés had actual control over any of the Corporate Defendants' business operations or payroll

11

practices.  Plaintiff must plead specific facts that make it plausible to infer that Mr. Andrés had

actual control over business operations and payroll practices and he did not do so.  *See Ayala v.*

*Looks Great Servs., Inc.*, No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548, at *7 (E.D.N.Y. June

23, 2016) ("In the Court's view, the plaintiff must plead facts which make it plausible to infer that

the individual defendant had authority take actions that satisfy some of the factors set forth in the

economic reality test. As an example, the plaintiff could allege that the individual defendant did

hire a *particular* employee; provide actual examples of authority exercised by the individual

defendant that tended to show that he had operational control of the company; or plead allegations

showing that the individual defendant was the sole decision-maker in a small or medium sized

corporation." (emphasis in the original)).

Moreover, the Amended Complaint does not allege any facts about Mr. Andres with respect

to Plaintiff's employment.   *See Lin*, 2009 WL 976835, *2 ("The complaint does not

allege any facts regarding the positions held by the Individual Defendants or their power to control

***plaintiffs'*** hours, wages, or other terms and conditions of employment.") (emphasis added); *see*

*also Irizarry*, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company,

or otherwise makes corporate decisions that have nothing to do with an employee's function, is

insufficient to demonstrate 'employer' status.").

Accordingly, Plaintiffs' FLSA and NYLL claims against Mr. Andrés should be dismissed.

### B.        Plaintiff Fails to Sufficiently Allege that Hudson Hall Holdings or Think Food Group Were His Employers Under the FLSA or the NYLL

For Hudson Hall Holdings and Think Food Group to be held liable under the FLSA or the

NYLL, Plaintiff must show that these Corporate Defendants were Plaintiff's "employer."  *Herman*

*v. RSR Sec. Servs. Ltd.,* 172 F. 3d 132, 139 (2d Cir. 1999); *see also Lin*, 2009 WL 976835, at *2.

12

In determining whether an employer-employee relationship exists between Plaintiff and Hudson Hall Holdings and/or Think Food Group, Plaintiff must allege facts to satisfy the "economic realities test" mandated by the Supreme Court in which "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139. The "economic realities test" may be satisfied where Plaintiff alleges facts to show that these Corporate Defendants have formal control or functional control over the plaintiffs. *See Acharya. 7-Eleven, Inc.,* No. 1:18-cv-08010 (PAC), 2019 WL 6830203, at *2 (S.D.N.Y. Dec. 13, 2019) (citing *Irizarry*, 722 F.3d at 104-105). In addition, where Plaintiff seeks to impose liability against two or more defendant corporations for the same labor, he must *also* establish that the entities were a "single integrated enterprise." *See Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17-cv-4058 (RA), 2018 WL 6655607, at *3 (S.D.N.Y. Dec. 19, 2018). Plaintiff, however, has failed to do so.

### 1.     Plaintiff Has Not Alleged Facts Showing That Hudson Hall Holdings or Think Food Group Had Formal Control Over Plaintiff's Employment

Plaintiff has not alleged facts necessary to satisfy the four-part test to show that Hudson Hall Holdings or Think Food Group had formal control over his employment. To show formal control, Plaintiff must establish that "the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled the employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Herman,* 172 F. 3d at 139 (quoting *Carter*, 735 F. 2d at 12). The Amended Complaint fails to allege facts to support any of the *Carter* factors. Therefore, Plaintiff has failed to establish Hudson Hall Holdings' or Think Food Group's formal control over his employment.

13

In addition, Plaintiff must assert particularized allegations regarding the relationship of control between his employment and Hudson Hall Holdings and Think Food Group. *See, e.g., Lopez v. Acme Am. Envtl. Co.,* No. 12-cv-511 (WHP), 2012 WL 6062501, at *5 (S.D.N.Y. Dec. 6, 2012) (granting motion to dismiss FLSA claims against two corporate defendants where plaintiffs failed to allege that those defendants had the power to hire the plaintiffs, supervised or controlled their work schedules or payments, or maintained employment records). Here, Plaintiff alleges only that that Defendants Hudson Hall Holdings and Think Food Group "own and operate the Restaurants, Kiosks and Bars, which comprise the marketplace Mercado Little Spain." (Am. Compl. ¶¶ 12-13). Plaintiff does not allege that either Corporate Defendant controlled Plaintiff's schedules or rate of pay or maintained his employment records. "Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiff[] as an employee[]." *See Lopez*, 2012 WL 6062501 at *4 (citing *Wolman v. Catholic Health Sys. of Long Island, Inc.,* 853 F. Supp. 2d 290, 2012 WL 566255, at *5 (E.D.N.Y. 2012)).

In fact, the Amended Complaint does not contain any "facts" about Hudson Hall Holdings or Think Food Group other than their address for service of process, their state of incorporation, and the fact that they are Hudson Hall's parent companies. (*See* Am. Compl. ¶¶ 12-13). This is wholly insufficient to establish the premise that Hudson Hall Holdings or Think Food Group are Plaintiff's employer under the FLSA or NYLL or that such entities exercised formal control over Plaintiff's employment. *See Lopez*, 2012 WL 6062501 at *4.

Accordingly, the Court should dismiss the claims against Hudson Hall Holdings and Think Food Group.

14

**2.**  **Plaintiff Has Not Alleged Facts To Show That Hudson Hall Holdings or Think Food Group Exercised Functional Control Over Plaintiff's Employment**

Likewise, Plaintiff's threadbare factual allegations also cannot satisfy the factors necessary to establish that Hudson Hall Holdings or Think Food Group functionally controlled Plaintiff's employment.

To establish functional control, Plaintiff must allege facts that show: "(1) whether [these Corporate Defendants'] premises and equipment were used for Plaintiff's work; (2) whether [these Corporate Defendants] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which Plaintiff performed a discrete line-job that was integral to [these Corporate Defendants'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [these Corporate Defendants] or their agents supervised Plaintiff's work; and (6) whether Plaintiff worked exclusively or predominantly for [these Corporate Defendants].  *See Zheng v. Liberty Apparel Co. Inc.*, 355 F. 3d 61, 72 (2d Cir. 2003) (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722 (1947)).

Plaintiff similarly does not allege that Hudson Hall Holdings or Think Food Group exercised functional control over him or the purported class and collective action members. Indeed, the Amended Complaint does not contain any allegations whatsoever to support any of the *Zheng* factors.  The Amended Complaint is simply devoid of any facts to support the contention that Hudson Hall Holdings and/or Think Food Group exercised functional control over Plaintiff's employment.

15

110690139

Accordingly, based on the allegations in the Amended Complaint, Hudson Hall Holdings and Think Food Group do not satisfy any of the functional control factors and, therefore, they must be dismissed from this action.

**3.      Plaintiff Has Not and Cannot Allege Facts Sufficient to Show That The Corporate Defendants Were Operating a Single Integrated Enterprise**

Finally, Plaintiff has also failed to allege facts sufficient to show that all of the Corporate Defendants were acting as a single integrated enterprise such that Hudson Hall Holdings and Think Food Group are properly named in the Amended Complaint.

In the Second Circuit, the single integrated enterprise analysis "has been confined to two corporate contexts: first, where the plaintiff is an employee of a wholly-owned corporate subsidiary; and second, where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino v. New York State Educ. Dep't*, 460 F. 3d 361, 378 (2d Cir. 2006) (citations omitted). Here, the Amended Complaint does not allege that any of the Corporate Defendants are wholly-owned subsidiaries of any of the other Corporate Defendants. To the contrary, the Amended Complaint states that Hudson Hall is jointly owned by Hudson Hall Holdings and Think Food Group, (*see* Am. Compl. ¶ 11), and therefore, by definition it cannot be a *wholly-owned* subsidiary. Nor does the Amended Complaint allege that Hudson Hall Holdings and/or Think Food Group subcontracted with Hudson Hall for Plaintiff's employment.

Further, for Plaintiff to sufficiently establish that the Corporate Defendants were operating as a single integrated enterprise, he must plead "specific facts" to meet the elements of a joint enterprise including the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See Bravo v. Est. Burger One, LLC,* No. 12-cv-9044, 2013 WL 5549495, at *8 (S.D.N.Y. Oct. 8, 2013).

16

Plaintiff fails to allege any factual basis to support these elements. Rather, Plaintiff alleges only that "Defendants operate a restaurant enterprise under the trade name 'Mercado Little Spain,'" (Am. Compl. ¶ 6), and that the "Restaurants, Bars, and Kiosks (collectively the 'Mercado Little Spain') operate as a single integrated enterprise and are engaged in related activities, share common ownership, and have a common business purpose . . ." (Am. Compl. ¶ 10). Beyond these conclusory and threadbare allegations, Plaintiff does not identify whether Hudson Hall Holdings or Think Food Group were engaged in a unified operation, were under common control, operated for a common business purpose, utilized Plaintiff in an interchangeable manner, or any other required element to show a single integrated enterprise. *See Bravo*, 2013 WL 5549495, at *8.

In this jurisdiction, "[a]llegations [are] considered insufficient to impose liability on multiple corporate defendants on the theory that [corporate entities] were a single integrated enterprise where, despite allegations of common ownership and common purpose, the pleadings failed to allege that the corporate defendants had any formal or functional control over the plaintiff-employees." *Kwan,* 2018 WL 6655607, at *3. As discussed above, Plaintiff has not, and cannot, allege sufficient facts to allege that Hudson Hall Holdings and/or Think Food Group had any formal or functional control over him or the purported class and collective action members. Thus, even where Plaintiff has alleged "some kind of affiliation among the defendants," such allegations are not sufficient to support a single integrated enterprise without the requisite allegations of control by the Corporate Defendants over Plaintiff or the purported class and collective action members. *See Lopez,* 2012 WL 6062501 at *4-5 ("Although they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves.").

17

Hudson Hall Holdings and Think Food Group had no control over Plaintiff's employment and the Amended Complaint is entirely devoid of the necessary factual allegations to hold these Corporate Defendants liable as Plaintiff's employer. Instead, Plaintiff offers threadbare, boilerplate allegations under the FLSA and NYLL without any particularization to Hudson Hall Holdings and/or Think Food Group. Accordingly, Hudson Hall Holdings and Think Food Group, entities for which Plaintiff never worked and which had no formal or functional control over Plaintiff's employment, should be dismissed from this action, with prejudice.

110690139

## CONCLUSION

Because Plaintiff impermissibly employs group pleadings in the Amended Complaint in violation of the requirements of Rule 8, the Court should dismiss the Amended Complaint in its entirety. Alternatively, the Court should dismiss the Amended Complaint against Defendants Hudson Hall Holdings LLC, Think Foods Group LLC, and José Andrés because Plaintiff fails to allege that they were Plaintiff's employers under the Fair Labor Standards Act or the New York Labor Law.

DATED:    May 29, 2020               Respectfully submitted,
              New York, New York

                                      FOX ROTHSCHILD LLP

                                      By:_____*/s/ Glenn S. Grindlinger*_____
                                          Carolyn D. Richmond
                                          Glenn S. Grindlinger
                                          Matthew C. Berger
                                        crichmond@foxrothschild.com
                                          ggrindlinger@foxrothschild.com
                                          mberger@foxrothschild.com
                                          101 Park Avenue, 17th Floor
                                          New York, NY 10178
                                          (212) 878-7900

                                        *Attorneys for Attorneys for Defendants*
                                        *Hudson Hall LLC, Hudson Hall Holdings*
                                        *LLC, Think Food Group LLC, and José*
                                        *Ramon Andrés Puerta a/k/a José Andrés*