UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK STEWART,
*on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

        Plaintiffs,

        v.

HUDSON HALL LLC
    d/b/a MERCADO LITTLE SPAIN,
HUDSON HALL HOLDINGS LLC
    d/b/a MERCADO LITTLE SPAIN,
THINK FOOD GROUP, LLC,
and JOSÉ RAMON ANDRÉS PUERTA
    a/k/a JOSÉ ANDRÉS,

        Defendants.

Case No. 1:20-cv-00885-PGG-SLC

---

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on June 18, 2020 and exchanged communications thereafter. At least one week before the Initial Case Management Conference, the parties now submit the following report for the Court's consideration:

**1.     Court Expectations:**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

**2.     Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff:

On or around March 1, 2019, Plaintiff DERRICK STEWART was hired by Defendants to work as a cook for Defendants' Leña Restaurant located inside MERCADO LITTLE SPAIN at 10 Hudson Yards, New York, NY 10001. On or around June 1, 2019, Plaintiff STEWART was transferred by his supervisor to work at the Spanish Diner Restaurant inside MERCADO LITTLE SPAIN. Plaintiff worked primarily at the Spanish Diner Restaurant for the remainder of his employment with Defendants, although he was transferred to other Restaurants and Kiosks on an as needed basis. Plaintiff's employment terminated on September 15, 2019.

Plaintiff is alleging that Defendants failed to at all times pay Plaintiff at a proper overtime rate as is seen in the week of May 20, 2019 to May 26, 2019, where Plaintiff worked in excess of 52.94 hours and was paid a straight rate of $17.00 for a total of $899.98.

Additionally, throughout Plaintiff's employment at the Restaurants, Plaintiff STEWART, and his fellow employees, were expected to engage in significant off the clock work for which they were not compensated: (1) Plaintiff was instructed to clock-out at the end of the shift and continue working for approximately two hours a week, (2) Plaintiff was expected to work through his meal breaks, but Defendants deducted a half hour for his meal break automatically, (3) Defendants required managerial approval for employees to clock in five minutes prior or after their scheduled shifts, but Plaintiff would begin working when he arrived and managers were rarely timely in clocking in employees that were early to the shift.

Moreover, Plaintiff, and his fellow employees, were not given proper wage statements and pay notices as required by New York Labor Law.

Defendant:

In addition to the issues raised in Defendants' pending Motion to Dismiss, Defendants contend that they correctly paid Plaintiff and any putative collective and class action members, the existence of which is affirmatively denied by Defendants. Indeed, Mercado Little Spain, where Plaintiff worked had a policy of requiring employees to clock in before commencing any work and clock-out when they finished work and Plaintiff's compensation corresponded to all of the hours that he recorded. Further, the time records will show that Plaintiff rarely worked more than 30 hours a week (for he had numerous documented absenteeism and lateness issues) and thus it is questionable whether he even has a valid

claim. The records will also show that Defendants did not automatically deduct for meal periods from Plaintiff's time records. In short, Plaintiff did not work off-the-clock much less the two hours he claims he worked every week. Defendants also contend that Plaintiff was provided with a Rate of Pay notice at the commencement of employment and weekly wage statements.

**3.     Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**:

As set forth in the Amended Complaint, the Court has original jurisdiction over this case because, among other things, Plaintiff alleges that Defendants violated a federal statute, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. While Defendants deny any liability under said statute there is no dispute that Plaintiff's claims arise under this federal law.

**4.     Subjects on Which Discovery May Be Needed:**

Plaintiff:

Plaintiff will be seeking discovery as to Defendants' timekeeping practices, pay statements, and pay notice practices. Plaintiff will be seeking discovery regarding its underlying claims of time-shaving, and failure to pay overtime premium. Plaintiff will be seeking discovery regarding Defendants' defenses including its defense claiming to not be employers to Plaintiff or the potential collective or class. Moreover, Plaintiff will be seeking further discovery to support its collective action and class action allegations. Plaintiff reserves the right to seek discovery into other issues to prove its allegations and as the case develops.

Defendant:

Defendants will seek discovery about the purported facts underlying Plaintiff's claims. Specifically, the hours that he alleged he worked for which he alleges he was unpaid, the reasons why Plaintiff allegedly did not follow Defendants' policies about clocking in/out, the reasons why Plaintiff never brought his allegations to Defendants' attention, the pre-employment paperwork that Plaintiff completed, and all facts and allegations supporting Plaintiff's assertion that his claims are appropriate for collective action and class action treatment. Defendants also reserve the right to raise other issues as this case develops.

**5.     Informal Disclosures**:

Pursuant to the Court's mediation protocols for Fair Labor Standards Act cases, the parties exchanged information under such protocols in March 2020.

Plaintiff has already made their initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil. Plaintiff will continue to supplement its production.

Defendant will disclose disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than July 9, 2020. No later than July 31, 2020, to the extent

they have not already done so, Defendants will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

**6.     Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

    A.     All fact discovery must be completed by December 31, 2020.

    B.     The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(a) above.

        i.     Depositions: Depositions shall be completed by November 30, 2020 and limited to no more than 10 depositions per party (without leave of court). Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

        ii.     Interrogatories: Initial sets of interrogatories shall be served on or before July 15, 2020. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

        iii.     Requests for Admission: Requests for admission must be served on or before November 30, 2020, and in any event no later than 30 days before the fact discovery deadline.

        iv.     Requests for Production: Initial requests for production will be exchanged no later than July 15, 2020 and responses shall be due 45 days thereafter. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

        v.     Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7.     Anticipated Discovery Disputes:**

Currently, the parties are not aware of any potential discovery disputes.

**8.     Amendments to Pleadings:**

    a.     Does any party anticipate amending the pleadings? No. Though Plaintiff reserves the right to move to amend the pleadings after engaging in discovery in accordance with and pursuant to the Federal Rules of Civil Procedure.

    b.    Last date to amend any pleading is July 15, 2020 otherwise leave of the Court will be necessary.

## 9. Expert Witness Disclosures:

    a.    Does any party anticipate utilizing experts? No

    b.    Expert discovery shall be completed by February 15, 2020

## 10. Electronic Discovery and Preservation of Documents and Information:

    a.    Have the parties discussed discovery of electronically stored information (ESI)? No

    b.    Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by July 31, 2020.

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?

    Not at this time

## 11. Anticipated Motions:

Defendants will like move for summary judgment at the close of discovery. Plaintiff will move for conditional certification after receiving Defendants' Answer.

## 12. Early Settlement or Resolution:

The parties have discussed the possibility of settlement. The parties request a settlement conference by no later than 30 days after the close of discovery. The following information is needed before settlement can be discussed:

- Plaintiff needs to be deposed
- The scope of the case needs to be determined

## 13. Trial:

    a.    The parties anticipate that this case will be ready for trial 60 days after a ruling on Defendant's anticipated motion for summary judgment or April 30, 2021, whichever is later.

    b.    The parties anticipate that the trial of this case will require 3 days.

    c.    The parties do not consent to a trial before a Magistrate Judge at this time.

      d.      The parties request a jury trial.

**14.** **Other Matters:**

Defendants request a stay of discovery until the Court issues a decision on its pending Motion to Dismiss.

Respectfully submitted this 19th day of June 2020.

| | |
|---|---|
| LEE LITIGATION GROUP, PLLC | FOX ROTHSCHILD LLP |
| | |
| */s/ C.K. Lee* | */s/ Glenn S. Grindlinger* |
| C.K. Lee | Carolyn D. Richmond |
| Anne Seelig | Glenn S. Grindlinger |
| 148 West 24th, 8th Floor | Matthew C. Berger |
| New York, New York 10011 | 101 Park Avenue, 17th Floor |
| Tel: (212) 465-1188 | New York, NY 10178 |
| | (212) 878-7900 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED.

Dated: New York, New York
          _____, 2020

_____

Sarah Cave
United States Magistrate Judge