

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900
Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
DIRECT DIAL:  212-905-2305
EMAIL: GGRINDLINGER@FOXROTHSCHILD.COM

September 8, 2020

<u>VIA ECF</u>

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court,
  Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  <u>Stewart v. Hudson Hall LLC, *et al.*</u>
     Civil Action No. 1:20-cv-00885 (PGG-SLC)

Dear Judge Cave:

We represent Defendants Hudson Hall LLC, Hudson Hall Holdings LLC, Think Foods Group LLC, and José Ramon Andrés Puerta a/k/a José Andrés (collectively, "Defendants") in the above-referenced matter.  The parties are currently engaged in discovery and Plaintiff has served Defendants with a notice of deposition for Mr. Andrés.  Defendants oppose Plaintiff's request to depose Mr. Andrés and respectfully submit this letter, pursuant to Section II(C)(3) of Your Honor's Individual Practices, for a pre-motion conference in order for Defendants to seek a protective order precluding the deposition of Mr. Andrés, who does not have unique personal knowledge about the day-to-day operations of Mercado Little Spain or the claims in this matter.

As a preliminary matter, Defendants note that on August 21, 2020, Defendants requested that Plaintiff withdraw Mr. Andres' deposition notice for the reasons specified below, or, in the alternative, to hold the deposition in abeyance until the Court rules on Defendants' pending motion to dismiss.  Later that day, Plaintiff responded declining to withdraw the notice or hold the deposition in abeyance asserting that they would not waive their right to depose Mr. Andres

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota   Nevada
New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Virginia   Washington

113123021



and that because the court ordered discovery to go forward, they would not hold Mr. Andres' deposition in abeyance. *See* Email Exchange at Exhibit A. Thereafter, counsel had two calls to discuss the matter. On August 26, counsel had a thirty minute call to discuss this and other discovery issues, which did not resolve the issue. Participating for Plaintiff were C.K. Lee and Robert Kansao; Glenn Grindlinger and Matthew Berger participated for Defendants. On September 5, the parties had another 45 minute call to discuss this and other discovery issues with the same attorneys participating as on August 26. Again, the parties were unable to resolve the issue and Defendants informed Plaintiff that they would seek Court intervention.

Defendants oppose Mr. Andrés' deposition on several grounds. Mr. Andrés is the face of and an investor in Think Food Group LLC, which operates restaurants in Washington, D.C., Florida, California, and Nevada, and has an investment interest in Mercado Little Spain in New York. As such, Mr. Andrés is not involved in the day-to-day operations of Mercado Little Spain and is not responsible for setting, controlling, or monitoring the restaurants' business operations or payroll practices. Indeed, all of the information Mr. Andrés receives regarding Mercado Little Spain is communicated to him by subordinate employees. In addition to Think Food Group, Mr. Andrés started and runs World Central Kitchen, a non-profit that provides smart solutions to end hunger and poverty by using the power of food to empower communities and strengthen economies as well as food disaster relief in the wake of emergencies around the globe.

Under the Federal Rules of Civil Procedure, a court may restrict discovery that is unreasonably burdensome and issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden and expense". FED R. CIV. P. 26(C)(1). "The appropriateness of a protective order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought." *Alliance Industries, Inc. v. Longyear Holding, Inc.*, No. 08-CV-490S, 2010 WL 4323071, at *3 (W.D.N.Y. 2010). "This Court has broad discretion in issuing such a protective order. *Id.*

"While a senior executive [] is not immune from discovery, courts have recognized an additional layer of protection for senior corporate executives subject to depositions." *Tiger Capital, LLC v. PHL Variable Ins. Co.*, No. 12-CV-2939 (CM) (JCF), 2013 WL 4517267, at *3 (S.D.N.Y. 2013) (internal quotations omitted). Further, courts routinely consider "whether the proposed deponent has personal and unique knowledge of the relevant facts." *Tiger Capital*, 2013 WL 4517267, at *3. Notably, "'[a]pex' depositions are disfavored in this circuit unless [the executives] have personal knowledge of relevant facts of some unique knowledge that is relevant to the action." *Alliance Industries, Inc.*, 2010 WL 4323071, at *4 (internal quotations omitted*).*

When a lower level employee can provide the same information as the executive, good cause exists to preclude the apex deposition. *See Burns v. Bank of America*, No. 03-CV-1685 (RMB) (JCF), 2007 WL 1589437, at *6 (S.D.N.Y. June 4, 2007) ("If after deposing [lower level



employees] the plaintiffs develop a foundation for their belief that [the Apex deponent] possesses unique, non-duplicative knowledge of relevant facts, they may seek his deposition at that time."). Even when an executive has been advised regarding relevant facts by other potential witnesses, but "did not play an active role" in the subject matter of the litigation, the executive cannot be said to possess "unique knowledge of relevant facts not known to witnesses who were deposed or will be deposed." *Tiger Capital, LLC*, 2013 WL 4517267, at *3-4. As noted above, Mr. Andrés does not have unique personal knowledge with respect to the claims in this matter and other senior corporate executives can provide the information Plaintiff is seeking. Accordingly, Defendants request a protective Order for Mr. Andrés.

Additionally, courts consider whether the Apex deposition is intended disrupt business operations. "[P]ermitting unfettered discovery of corporate executives would threaten disruption of their business . . . ." *Nature's Plus Nordic A/S v. Natural Organics, Inc.*, No. 09-CIV-4256 (ADS) (AKT), 2012 WL 1514871, at *2 (E.D.N.Y. 2012) (internal quotations omitted). Considering Mr. Andrés' lack of unique personal knowledge, Plaintiff's insistence on deposing him appears to be nothing more than a publicity stunt and an attempt create an obstacle to the ongoing business dealings of Mr. Andrés, Think Food Group, and World Central Kitchen, and to put added pressure on Defendants to try to settle this matter.

Indeed, in the Amended Complaint, Plaintiff gives only two examples of Mr. Andrés' alleged control of Mercado Little Spain. The only specific, non-conclusory allegations against Mr. Andrés in the Amended Complaint are a Twitter post from Mr. Andrés, wherein Mr. Andrés addresses a "glitch" that caused some employees to be underpaid and notes that employees can "come to us with any issue", and a corporate press release titled "A Message From José Andrés" noting that Mercado Little Spain would be temporarily closing due to COVID-19. *See* Amended Complaint ¶ 15; Amended Complaint Exhibits B and C. However, these allegations and exhibits demonstrate only that Mr. Andrés was acting as a spokesperson for Mercado Little Spain, not that he has any knowledge of or control over the payroll or business operations at Mercado Little Spain. There are no other specific details of Mr. Andrés' involvement in Mercado Little Spain's affairs beyond wholly conclusory allegations that are insufficient to warrant Plaintiff taking his deposition. *See* Amended Complaint, ¶ 14. It is, therefore, abundantly clear from the pleadings that Mr. Andrés had no personal interaction with Plaintiff and will have no unique knowledge regarding the allegations in in this matter or the day-to-day operations of Mercado Little Spain.

For all the foregoing reasons, good cause exists to prevent the deposition of Mr. Andrés. Accordingly, Defendants respectfully request a pre-motion conference to discuss permission for Defendants to file a motion for a protective order precluding the deposition of Mr. Andrés.

113123021



Hon. Sarah L. Cave
September 8, 2020
Page 4

We thank the Court for its consideration of Defendants' request.

Respectfully submitted,

*/s/ Glenn S. Grindlinger*

Glenn S. Grindlinger

cc:   All Counsel of Record (*via* ECF)

113123021