

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900
Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
DIRECT DIAL: 212-905-2305
EMAIL: GGRINDLINGER@FOXROTHSCHILD.COM

August 25, 2020

**VIA E-MAIL (ROBERT@LEELITIGATION.COM)**

Robert A Kansao
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011

Re: **Stewart v. Hudson Hall LLC,** *et al.*
**Civil Action No. 1:20-cv-00885 (PGG-SLC)**

Dear Robert:

We recently received your Notices of Deposition pursuant to Rule 30(b)(6) for Think Food Group, LLC, Hudson Hall LLC, and Hudson Hall Holdings LLC (collectively, "Defendants"). Please allow this letter to serve as our formal response to your Notices.

Defendants will appear with a person(s) designated to testify as to the subject matters identified in the Notices, to the extent known or reasonably available to Defendants, subject to the objections and scope limitations set forth below.

Plaintiff's 30(b)(6) Notices of Deposition are virtually the same. Indeed, the only difference among said Notices are the designated company and the time and date of the depositions. Therefore, the issues that Defendants raise below apply to each one of Plaintiff's 30(b)(6) Notices of Deposition.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota   Nevada
New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Virginia   Washington

113540151



August 25, 2020
Page 2

Plaintiff's 30(b)(6) Notices of Deposition, in their present form, purport to require Defendants to designate corporate representatives to respond to requests that are, among other things, irrelevant, overly broad, unduly burdensome, premature, not defined with reasonable particularity, and not limited to specific allegations relevant to Plaintiff's claims or Defendants' defenses in this case.

The Notices also require the corporate representative to appear at your offices; this is improper. Typically, Rule 30(b)(6) depositions occur at a location most convenient to the corporate entity subject to the deposition notice. *See E&T Skyline Construction, LLC v. Talisman Casualty Ins. Co., LLC,* No. 19-CV-08069, 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020) ("While the party noticing a deposition usually has the right to choose the location, '[w]here a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business.'" quoting (*Buzzeo v. Bd. of Educ., Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). Without waiving any objections, in light of the current COVID-19 pandemic, at the appropriate time, each of the corporate defendants will produce a corporate representative(s) to be designated later via video or at our offices.

As a result, Defendants expressly object to the Notices and to each topic set forth below.

## **GENERAL OBJECTIONS**

The following General Objections apply to and are hereby incorporated in each of Defendants' responses and objections to each topic set forth in the Notices and shall have the same force and effect as if set forth in full in response to each individually numbered topic. The stated General Objections shall be deemed continuous throughout the responses and objections to the topics that follow even though not specifically referred to therein.

1. Defendants object to the topics to the extent they purport to impose any requirement or obligation beyond those set forth in the applicable Federal Rules of Civil Procedure, the Local Rules, or any Order issued in this Action.

2. Defendants object to the topics on the grounds that they are not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to the topics to the extent they seek the disclosure of information protected by the attorney-client privilege, the common-defense privilege, the work-product doctrine or any other applicable privilege, protection or restriction upon discovery.

4. Defendants object to the topics on the grounds and to the extent that they seek discovery in a manner that is vague, ambiguous, unintelligible, uncertain, overly broad, duplicative,

113540151



August 25, 2020<br>Page 3

unreasonably burdensome, not defined with reasonable particularity, harassing and/or not properly limited as to time or scope.

5. Defendants object to the topics insofar as they are better suited to a written response or a supplemental document production.

6. Defendants object to the topics insofar as they seek the disclosure of information already known by or equally available to Plaintiff or already within Plaintiff's possession, custody or control.

7. Defendants object to the topics insofar as they purport to seek confidential and proprietary business information without a protective order in place.

8. Defendants object to the topics insofar as they seek testimony that is not known, nor reasonably available to, Defendants.

9. The responses and objections stated herein are based on Defendants' present knowledge and will be supplemented or amended, if necessary, should Defendants discover additional information or grounds for further objections. Defendants reserve the right to object to the topics or parts thereof even after a response or partial response is provide.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE TOPICS IN THE NOTICE

Defendants incorporate fully the foregoing General Objections into each of the following specific responses and objections, and no specific response or objections shall be construed to waive any of the foregoing objections.

**Topic (I):** "Defendants' compensation and payroll policies and practices with respect to all non-exempt employees employed by Defendant ('Covered Employees')."

**Response to Topic (I):** Defendants object on the grounds that this topic is overbroad and vague with respect to the definition of "Covered Employees", which definition must be limited to non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, SDNY Docket No. 19-CV-7983 matter. Defendants further object to this topic on the grounds that it is duplicative and does not describe the area of inquiry with reasonable particularity. Defendants further object on the grounds that this topic is better suited to a written response or document production, and cumulative and duplicative of discovery already propounded by Plaintiff, as Plaintiff already requests employee

113540151



August 25, 2020
Page 4

handbooks in Document Request No. 3, which will include Defendants' compensation payroll policies and practices. Subject to and without waiving the foregoing objections, Defendants will agree to testimony on this topic subject to the limitations set forth herein.

**Topic (IV):** "Defendants' efforts to comply with state and federal employment laws."

**Response to Topic (IV):** Defendants object on the grounds that this topic is overbroad, vague, and does not describe the area of inquiry with reasonable particularity, as the topic does not specifically identify which state and federal employment laws Plaintiff is requesting testimony about. Defendants further object on the grounds that this topic seeks testimony that is likely covered by attorney-client privilege and the work-product doctrine. Accordingly, unless Plaintiff agrees to narrow the scope of this subject to the state and federal laws raised in the Amended Complaint, Defendants will not agree to produce a representative to testify on this subject.

**Topic (V):** "Defendants' human resources policies for hiring and training Covered Employees."

**Response to Topic (VI):** Defendants object on grounds that this topic is overbroad, vague and ambiguous with respect to the terms "hiring" and "training", unduly burdensome, seeks confidential and proprietary business information, and seeks information that is not proportional to the needs of the case or relevant to Plaintiff's claims or Defendants' defenses. Defendants further object on the grounds that this topic is better suited to a written response or document production, and cumulative and duplicative of discovery already propounded by Plaintiff, as Plaintiff already requests documents concerning employment manuals, employee handbooks, memoranda, or other written materials in Document Request Nos. 3 and 7, the responses to which will cover information requested by this topic. Subject to and without waiving the foregoing objections, Defendants will agree to testimony about policies for hiring and training of non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, S.D.N.Y. Docket No. 19-CV-7983 matter.

**Topic (VI):** "Defendants' corporate structure, including the corporate structure of Defendants' businesses and affiliated entities."

**Response to Topic (VI):** Defendants object to testimony covering "including the corporate structure of Defendants' businesses and affiliated entities" on grounds that this topic is overbroad, vague, unduly burdensome, seeks confidential and proprietary business and financial information, and seeks information that is not proportional to the needs of the case or relevant to Plaintiff's claims or Defendants' defenses. Further, Defendants object to this topic on the grounds that it is utterly irreverent and is designed solely to harass and embarrass Defendants. Unless this topic is modified by Plaintiff, Defendants will not produce a representative to address this topic.



August 25, 2020<br>Page 5

**Topic (VII):** "Identities of all corporate officers and equity owners of Defendants (including all shareholders, members, partners, directors or executive officers)."

**Response to Topic (VII):** Defendants object on the grounds that this topic is premature, overbroad and seeks information that is not proportional to the needs of the case or relevant to Plaintiff's claims or Defendants' defenses. Defendants further object on the grounds that this topic seeks confidential business and financial information, as well as confidential information concerning non-parties and is intended solely to harass and embarrasses Defendants. This topic is also utterly irrelevant to the claims asserted in the Amended Complaint. As such, Defendants will not produce a corporate representative to testify on this topic.

**Topic (VIII):** "Loans, leases, and credit lines established by Defendants in respect of their businesses."

**Response to Topic (VII):** Defendants object on the grounds that this topic is premature, overbroad and seeks information that is not proportional to the needs of the case or relevant to Plaintiff's claims or Defendants' defenses. Defendants further object on the grounds that this topic seeks confidential business and financial information, as well as confidential information concerning non-parties and is intended solely to harass Defendants. Defendants further object on the grounds that this utterly irrelevant to the claims asserted in the Amended Complaint and is intended only to harass and embarrass Defendants. As such, Defendants will not produce a corporate representative to testify on this topic.

**Topic (IX):** "Vendor contracts or relationships with vendors generally by Defendants (including Seamless Web and other internet-based delivery vendors, accounts, banks, payroll services providers, marketing, consultants, printers, etc.)."

**Response to Topic (IX):** Defendants object on the grounds that this topic is overbroad, premature, vague, does not describe the area of inquiry with reasonable particularity, and seeks information that is not proportional to the needs of the case or relevant to Plaintiff's claims or Defendants' defenses. Defendants further object on the grounds that this topic seeks confidential business and financial information, as well as confidential information concerning non-parties and is intended solely to harass Defendants. Defendants further object on the grounds that this topic is utterly irrelevant to the claims asserted in the Amended Complaint and is designed solely to harass and embarrass Defendants. As such, Defendants will not produce a corporate representative to testify on this topic.

**Topic (X):** "Job titles, duties, and responsibilities of Plaintiff and Covered Employees."

**Response to Topic (X):** Defendants object on the grounds that this topic is overbroad, vague, and unduly burdensome with respect to the definition of "Covered Employees", which definition must

113540151



be limited to non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, SDNY Docket No. 19-CV-7983 matter. Subject to and without waiving the foregoing objections, Defendants will agree to testimony about the job titles, duties, and responsibilities of Plaintiff and non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, S.D.N.Y. Docket No. 19-CV-7983 matter.

**Topic (XI):** "Wage and Hour notices provided to Plaintiff and Covered Employees."

**Response to Topic (XI):** Defendants object on the grounds that this topic is overbroad, vague, unduly burdensome, and does not describe the area of inquiry with reasonable particularity with respect to the term "wage and hour notices" and "Covered Employees", which definition must be limited to non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, SDNY Docket No. 19-CV-7983 matter. If Plaintiff is seeking testimony about New York Rate of Pay forms provided to Plaintiff and non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, SDNY Docket No. 19-CV-7983 matter, please clarify this topic and Defendants will reconsider their response to same.

**Topic (XII):** "Wage statements provided to Plaintiff and Covered Employees."

**Response to Topic (XII):** Defendants object on the grounds that this topic is overbroad, vague, unduly burdensome, and does not describe the area of inquiry with reasonable particularity with respect to the definition of "Covered Employees", which definition must be limited to non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, SDNY Docket No. 19-CV-7983 matter. If Plaintiff is seeking testimony about wage statements provided to Plaintiff and non-exempt employees that worked at the restaurants, bars, and kiosks located at Mercado Little Spain and that are not otherwise covered by the *Braunstein v. Hudson Hall LLC*, SDNY Docket No. 19-CV-7983 matter, please clarify this topic and Defendants will reconsider their response to same.

**Topic (XIII):** "Whether Defendants operate as a single integrated enterprise."

**Response to Topic (XIII):** Defendants object on the grounds that this topic is overbroad, vague, unduly burdensome, and does not describe the area of inquiry with reasonable particularity. Defendants further object on the grounds that this topic calls for a legal conclusion as to whether Defendants do or do not operate as a single enterprise, which is reserved for the Court and therefore



August 25, 2020<br>Page 7

not an appropriate topic for a Rule 30(b)(6) deposition.   As such, Defendants will not produce a corporate representative to testify on this topic.


      We look forward to the opportunity to discuss these topics with you once you have had an opportunity to review.


                Very truly yours,

                */s/ Glenn S. Grindlinger*

                Glenn S. Grindlinger

cc:    CK Lee (*via* email: cklee@leelitigation.com)
        Carolyn D. Richmond
        Matthew Berger

113540151