# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:    (212) 465-1188
cklee@leelitigation.com

December 23, 2020

**Via ECF:**
The Honorable Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Stewart v. Hudson Hall LLC et al*
      Case No. 20-cv-00885-PGG-SLC

Dear Judge Cave:

This letter is respectfully submitted to request a conference with the Court pursuant to your Honor's rule II(C)(1) and Local Rule 6.3. Following the Court's Order dated December 9, 2020 in the above-captioned action, we write to respectfully request that the Court reconsider its Order.

As the Court is aware on October 2, 2020, Defendants ("Mercado Little Spain") moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) "precluding Plaintiff from taking [José Andrés'] deposition." *See* ECF No. 50 at 2. Defendants' request for a protective order was based on a single solitary submission of evidence, Defendant Jose Andrés affidavit. Mr. Jose Andrés affidavit stated that he had "no involvement with the day-to-day activities" of Mercado Little Spain. *See* Defendants' Memorandum of Law for a Protective Order, *see also* Defendants' Letter Motion Dkt. 42. Given the representations found in this affidavit, Plaintiff did not oppose Defendants motion, which was subsequently granted on October 20, 2020. The representations of Defendant Jose Andrés have since been found to be demonstrably untrue.

On November 19, 2020, Plaintiff asked for relief from the Court's original October 20, 2020 Order. Plaintiff requested reconsideration of the original Order, and still requests that the Court vacate the original Order and/or grant Plaintiff leave to reargue.

## Argument

The correct vehicle for review in this matter is a motion for reconsideration brought under Local Rule 6.3 and the court's discretion.

"Typically, to obtain relief under Local Civil Rule 6.3, the movant must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. *See Al Maya Trading Establishment v. Global Export Marketing Co. Ltd.*, No. 14 Civ. 275, 2014 U.S. Dist. LEXIS 96221, 2014 WL 3507427, at *10 (S.D.N.Y. July 15, 2014). However, **reconsideration by a court of its prior decision is also justified** when an intervening change in controlling law has occurred, **new evidence has become available** or the need to correct a clear error or prevent manifest injustice exists. *Terra Energy & Res. Techs., Inc. v. Terralinna PTY Ltd.*, 2014 U.S. Dist. LEXIS 157078, *6-7, (S.D.N.Y. 2014); *see also Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)

The determination to grant or deny a motion for reconsideration is left to "the sound discretion" of the court. *Mikol v. Barnhart*, 554 F. Supp. 2d 498 (S.D.N.Y. 2008).

Plaintiff requests reconsideration from the Court's December 9, 2020 Order denying Plaintiff's request for reconsideration. Upon a showing of new available evidence, a showing that Plaintiff made in detail in its November 20, 2020 letter, the Court has discretion to allow or deny movants request for reconsideration.

Given the above standard, Plaintiff requests reconsideration as no showing of an "improvidence in the grant" of the original protective order, (2) "extraordinary circumstance" or (3) "compelling need" was a requisite to reconsideration. *See* ECF 65, the Court's Order Denying Plaintiff's letter motion to vacate the Protective Order of Jose Andres.

As detailed more fully in the Plaintiff's November 20, 2020 letter, the sole evidentiary submission of Defendant to demonstrate good cause for its protective order of Defendant Jose Andres was Defendants' Affidavit. Within this affidavit Defendant stated unequivocally, "I [Jose Andres] am not now, and have never been, involved in the day-to-day operations of Mercado Little Spain." Andres' Declaration ¶¶ 4, 12 [Dkt. 52]. Further discovery demonstrates that unequivocal assertion was untrue.

Defendant Jose Andres (1) interviewed personnel, (2) hired personnel, (3) trained personnel, (4) developed the menus, and (5) engaged in quality control of the food. Such facts wholly contradict Defendant's Affidavit that he never had any involvement in the day-to-day operations of Mercado Little Spain.

Given the above standard, and given the new evidence outlined in detail in Plaintiff's November 20, 2020 letter, Plaintiff requests leave for reconsideration and reargument.

Respectfully submitted,

*/s/ CK Lee*
CK Lee, Esq.