

**Fox Rothschild LLP**
ATTORNEYS AT LAW

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900
Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
DIRECT DIAL:  212-905-2305
EMAIL: GGRINDLINGER@FOXROTHSCHILD.COM

December 29, 2020

**VIA ECF**

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Stewart v. Hudson Hall LLC, *et al.*
Civil Action No. 1:20-cv-00885 (PGG-SLC)**

Dear Judge Cave:

Defendants write in response to Plaintiff's December 23, 2020 letter to the Court seeking reconsideration of the Court's December 9, 2020 Order denying Plaintiff's Letter Motion Seeking to Lift the Protective Order precluding the deposition of Mr. Andrés.  *See* Dkt. No. 65 (hereinafter, the "Order").

Plaintiff, apparently regretting his prior litigation strategy of not opposing Defendants' Motion for a Protective Order, is now seeking another bite of the apple by submitting his December 23rd letter.  His letter does not come close to satisfying the standards necessary to prevail on a motion for reconsideration.  It should be summarily rejected and the Court should award Defendants their costs and fees incurred in responding to such a spurious submission.

"A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'"  *Local 3621, EMSOfficers Union, DC-37, AFSCME, AFL-CIO v. City of N.Y.,* No. 18-CV-4476 (LJL) (SLC), 2020 WL 7260805 , at *4 (S.D.N.Y. Dec. 10, 2020) (quoting *Associated Press v. U.S. Dep't of Def.,* 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (M.J. Cave)). Yet, this is precisely the nature of Plaintiff's December 23rd letter.  It rehashes his prior arguments and does not raise any new issues or address any new case law or facts that the Court may have overlooked in its Order.  This is not surprising because there are no new facts or case law that the Court overlooked.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota   Nevada
New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Virginia   Washington

117964301

Hon. Sarah L. Cave  
December 29, 2020  
Page 2

"[T]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks, citations, and alterations omitted). Plaintiff's December 23rd letter falls far short of this standard.

In his December 23rd letter, Plaintiff does not claim that the Court overlooked any case law. Nor does he claim that the Court overlooked any facts or that there have been new, intervening facts that have come to light since the Court issued its Order. Rather, Plaintiff's argument is essentially that he relied on Mr. Andrés' declaration in not opposing Defendants' Motion for a Protective Order and Mr. Andrés' declaration was not "accurate." *See* Dkt No. 67, p. 2. However, this is exactly the argument that Plaintiff made in his November 20th submission, in which he sought to have the Protective Order lifted. *See generally,* Dkt No. 58. In fact, Plaintiff's December 23rd letter concedes this fact.

As set forth in his December 23rd letter, Plaintiff contends that "[a]s detailed more fully in the Plaintiff's November 20, 2020 letter, the sole evidentiary submission of Defendant to demonstrate good cause for its protective order of Defendant Jose Andres was Defendants' Affidavit," which Plaintiff now asserts "was untrue." As is evident from the four corners of the December 23rd letter, Plaintiff previously raised this issue with the Court in his November 20th letter. There is nothing new here; Plaintiff is simply raising the same arguments that were previously rejected by the Court. This is wholly insufficient to warrant reconsideration of the Court's Order. *See Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.,* No. 4-CV-3531 (LTS) (SLC), 2020 WL 3056450 (S.D.N.Y. June 9, 2020) (denying motion for reconsideration where plaintiff repeated arguments already presented and failed to point to any matters the Court may have overlooked); *Bromfield v. Bronx Lebanon Special Care Center, Inc.,* No. 16-CV-10047 (ALC) (SLC), 2020 WL 6875050, at *3 (S.D.N.Y. Nov. 23, 2020) (denying motion for reconsideration because, among other things, "Bromfield does not present any new evidence or information and points only to exhibits previously submitted to and considered by the Court.").

By its plain language, Plaintiff's December 23rd letter does not present any new facts or case law that the Court overlooked in issuing its Order. Accordingly, Plaintiff's Motion should be summarily denied and the Court should award Defendants' their attorneys' fees and costs in responding to Plaintiff's frivolous filing.

Respectfully submitted,

*/s/ Glenn S. Grindlinger*

Glenn S. Grindlinger

cc:   All Counsel of Record (*via* ECF)

117964301