UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK STEWART, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiff,<br><br>-v-<br><br>HUDSON HALL LLC, d/b/a MERCADO LITTLE SPAIN, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 20 Civ. 885 (PGG) (SLC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Derrick Stewart ("Stewart") filed this putative collective and class action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the New York Labor Law ("NYLL"), against Defendants Hudson Hall, LLC d/b/a Mercado Little Spain ("Hudson Hall"), Hudson Hall Holdings LLC d/b/a Mercado Little Spain ("Holdings"), Think Food Group, LLC ("Think") (Hudson Hall, Holdings, and Think, together the "Corporate Defendants"), and José Ramon Andrés Puerta a/k/a José Ramon ("Andrés") (Andrés and the Corporate Defendants, together "Defendants").  Stewart is seeking to recover: (1) unpaid overtime wages; (2) unpaid wages for off-the-clock work; (3) liquidated damages; and (4) attorneys' fees and costs. (ECF No. 26 ¶ 1).

1

Before the Court is Stewart's motion (the "Motion to Reconsider") (ECF No. 67) pursuant to the Individual Practices of the undersigned and Local Rule 6.3 seeking reconsideration of the Court's December 9, 2020 Order (the "December 9 Order") (ECF No. 65), in which the Court denied Stewart's motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to lift the Protective Order precluding the deposition of Andrés (ECF No. 55 (the "Protective Order"). (ECF No. 58 (the "Original Motion")). For the reasons set forth below, the Motion to Reconsider is DENIED.

## II. BACKGROUND

### A. Factual Background

The Court incorporates by reference the complete factual summary set forth in the Court's Report and Recommendation recommending that Defendants' Motion to Dismiss (the "Motion to Dismiss") Stewart's First Amended Class Action and Collective Action Complaint (the "FAC") be granted in part and denied in part, (ECF No. 53 (the "R&R")), and in the December 9 Order.

### B. Procedural Background

On January 31, 2020, Stewart filed the original complaint in this action, and on April 27, 2020, he filed the FAC. (ECF Nos. 1, 26). On May 29, 2020, Defendants filed the Motion to Dismiss. (ECF Nos. 32–33). On October 19, 2020, the Court issued the R&R, recommending that the Motion to Dismiss be granted in part to the extent that the claims against Holdings and Think be dismissed without prejudice, and denied in part as to the claims against Andrés. (ECF No. 53 at 22). The Court also recommended that Stewart be granted one final opportunity to amend his pleading. (Id.) Neither party has filed written objections to the R&R.

On October 2, 2020, Defendants moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) "precluding Plaintiff from taking [Andrés'] deposition, or, in the alternative, holding [his] deposition in abeyance until after the Court rules on Defendants' pending Motion to Dismiss."  (ECF No. 50 at 2 (the "Protective Order Motion")).  Defendants argued, in part, that Andrés was an "apex" executive who was not involved in Mercado Little Spain's daily operation.  (ECF No. 51 at 5, 12–13).  In support of the Protective Order Motion, Defendants submitted a declaration from Andrés, who stated that he is "not now, and ha[s] never been, involved in the day-to-day operations of Mercado Little Spain."  (ECF No. 52-2 ¶ 4 (the "Andrés Declaration")).  On October 19, 2020, Stewart filed a Letter notifying the Court that he did not oppose the Protective Order Motion.  (ECF No. 54).  On October 20, 2020, the Court granted the Protective Order Motion "as unopposed by Plaintiff" and entered the Protective Order.  (ECF No. 55 at 2).

On November 19, 2020, Stewart filed the Original Motion, citing recent deposition testimony of Michael Principe ("Principe"), the Executive Director of Mercado Little Spain, which he contends shows that Andrés "(1) interviewed personnel, (2) hired personnel, (3) trained personnel, (4) developed the menus, and (5) engaged in quality control of the food."  (ECF No. 58 at 2).  Stewart also cites his own statements in his deposition that Andrés would "tell the chef to tell us what to do."  (Id.; 58-4 at 1).  Stewart argued that his own and Principe's testimony "wholly contradict[]" the statements in the Andrés Declaration and justifies lifting the Protective Order to allow Andrés to be questioned within 20 days about his "unique knowledge as to the operations and claims in this matter."  (ECF No. 58 at 2–3).

In the December 9 Order, the Court held that Stewart "failed to meet his burden to show an 'extraordinary circumstance or compelling need' to take Andrés' deposition at this time and there [was] no discernable change of circumstance since Stewart decided not to oppose the Protective Order." (ECF No. 65 at 6 (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979))). As is particularly relevant to the current Motion, the Court held that Stewart's own and Principe's deposition testimony did "not represent an extraordinary circumstance or compelling need for Andrés' testimony at this time." (Id. at 7).

In the Motion to Reconsider, Stewart argues, "[a]s detailed more fully in" his Original Motion, that the statements in the Andrés Declaration were "untrue" such that the Court should reconsider its grant of the Protective Order precluding Andrés's deposition at this time. (ECF No. 67 at 2). In opposition, Defendants argue that Stewart has not satisfied the requisite standards for reconsideration, and that they should be awarded their costs and fees in responding to the Motion. (ECF No. 68 at 1).

### III. DISCUSSION

**A. Legal Standard for Reconsideration**

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. See Bromfield v. Bronx Lebanon Special Care Ctr., No. 16 Civ. 10047 (ALC) (SLC), 2020 WL 6875050, at *2 (S.D.N.Y. Nov. 23, 2020). Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

4

>  new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); Bromfield, 2020 WL 6875050, at *2.  It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

5

B. <u>Application</u>

The Court finds that Stewart has failed to satisfy the strict standard for granting reconsideration; he has not pointed to any controlling decisions, new information, or any other factors that "might reasonably be expected to alter the conclusion reached by the court." <u>Shrader</u>, 70 F.3d at 257. Furthermore, by incorporating his Original Motion by reference, Stewart simply "repeat[s] old arguments previously rejected," which fails to justify reconsideration. <u>Associated Press</u>, 395 F. Supp. 2d at 19; <u>see</u> <u>Bromfield</u>, 2020 WL 6875050, at *3 (denying motion for reconsideration where plaintiff failed to present any new evidence and relied only on previously-submitted exhibits that the Court had already considered); <u>Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc.</u>, No. 04 Civ. 3531 (LTS) (SLC), 2020 WL 3056450, at *8 (S.D.N.Y. June 9, 2020) (denying reconsideration where plaintiff repeated arguments the Court had previously rejected). Accordingly, Stewart has failed to meet his burden, for a second time, to justify the Court's entry of a Protective Order precluding Andrés's deposition at this time.

Defendants ask, without citation to authority, the Court to award their attorneys' fees and costs (the amount of which is not disclosed) "in responding to [Stewart's] frivolous filing." (ECF No. 68 at 2). Under Federal Rule of Civil Procedure 11, if a party presents arguments that "harass, cause unnecessary delay, or needlessly increase the cost of litigation," or whose "claims, defenses, and other legal contentions are [un]warranted by existing law or by a nonfrivolous argument . . . the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(b), (c). "Rule 11 permits sanctions for filing a claim containing frivolous legal arguments or factual allegations utterly lacking in evidentiary support." <u>Murawski v. Pataki</u>, 514 F. Supp. 2d 577, 590 (S.D.N.Y.

6

2007).  A "district court has broad discretion in determining whether to grant Rule 11 sanctions." Pentagen Techs. Int'l Ltd. v. United States, 172 F. Supp. 2d 464, 470 (S.D.N.Y. 2001), aff'd, 63 F. App'x 548 (2d Cir. 2003).  The Court concludes, in its discretion, that Defendants' effort in preparing a two-page response to Stewart's two-page Motion to Reconsider does not justify the award of attorneys' fees and costs.  No delay has resulted from Stewart's Motion to Reconsider, nor has the Court previously warned Stewart against making frivolous filings and the risks of doing so.  Compare Bailey v. Interbay Funding, LLC, No. 3:17-cv-1457 (VAB), 2020 WL 7481767, at *10 (D. Conn. Dec. 18, 2020) (in imposing sanctions for frivolous filing, noting that court had previously warned plaintiff of risk of sanctions for failure to comply with court orders).  Therefore, the Court denies Defendants' request for an award of attorneys' fees and costs.

### IV. CONCLUSION

For the reasons set forth above, the Motion to Reconsider is DENIED.  Defendants' request for fees and costs in opposing the Motion to Reconsider is DENIED.   The Clerk of the Court is respectfully directed to close ECF No. 67.

Dated: New York, New York

January 11, 2021

_____
SARAH L. CAVE
United States Magistrate Judge