UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK STEWART, on behalf of himself, FLSA Collective Plaintiffs and the Class,

                Plaintiff,

-v-

HUDSON HALL LLC, d/b/a MERCADO LITTLE SPAIN, et al.,

                Defendants.

CIVIL ACTION NO.: 20 Civ. 885 (PGG) (SLC)

**ORDER DENYING MOTION FOR DISCOVERY EXTENSION**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Derrick Stewart ("Stewart") filed this putative collective and class action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq., against Defendants Hudson Hall, LLC d/b/a Mercado Little Spain ("Hudson Hall"), Hudson Hall Holdings LLC d/b/a Mercado Little Spain ("Holdings"), Think Food Group, LLC ("Think") (Hudson Hall, Holdings, and Think, together the "Corporate Defendants"), and José Ramon Andrés Puerta a/k/a José Ramon ("Andrés") (Andrés and the Corporate Defendants, together "Defendants"). Stewart is seeking to recover: (1) unpaid overtime wages; (2) unpaid wages for off-the-clock work; (3) liquidated damages; and (4) attorneys' fees and costs. (ECF No. 26 ¶ 1).

1

Before the Court is Stewart's motion (the "Extension Motion") (ECF No. 69) pursuant to the Individual Practices of the undersigned and Local Civil Rule 37.2 requesting an extension of the fact discovery deadline. Defendants oppose the Extension Motion. (ECF No. 72). For the reasons set forth below, Stewart's Extension Motion is DENIED.

## II. BACKGROUND

### A. Factual Background

The Court incorporates by reference the complete factual summary set forth in the Court's Report and Recommendation recommending that Defendants' Motion to Dismiss (the "Motion to Dismiss") Stewart's First Amended Class Action and Collective Action Complaint (the "FAC") be granted in part and denied in part, (ECF No. 53 (the "R&R")).

### B. Procedural Background

On January 31, 2020, Stewart filed the original complaint in this action, and on April 27, 2020, he filed the FAC. (ECF Nos. 1, 26). On May 29, 2020, Defendants filed the Motion to Dismiss. (ECF Nos. 32–33). On October 19, 2020, the Court issued the R&R, recommending that the Motion to Dismiss be granted in part, to the extent that the claims against Holdings and Think be dismissed without prejudice, and denied in part as to the claims against Andrés. (ECF No. 53 at 22). The Court also recommended that Stewart be granted one final opportunity to amend his pleading. (Id.) Neither party has filed written objections to the R&R.

On June 25, 2020, following an Initial Case Management Conference with the parties, the Court adopted a pretrial schedule that set December 31, 2020 as the deadline for the completion of Fact Discovery, and February 15, 2021 as the deadline for completion of Expert Discovery. (ECF No. 41 at 4–5).

On September 15, 2020, Stewart filed a letter-motion to compel Defendants to produce certain categories of information related to the collective and class action allegations. (ECF No. 46). Defendants filed a letter-motion in opposition. (ECF No. 48). On September 30, 2020, the Court conducted a conference with the parties, following which the Court ordered Defendants to produce certain wage-and-hour information, denied certain of Stewart's interrogatory and document requests, and narrowed the scope of the topics as to which Defendants would produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "September 30 Order"). (ECF No. 49). The Court specifically found that Topics 7, 8, 9, at 13 were "premature," such that "Defendants need not produce a Rule 30(b)(6) witness as to these topics at this time, without prejudice to Plaintiff renewing his request for a Rule 30(b)(6) deponent on these topics if a class and/or collective action is certified." (Id. at 2).

On October 20, 2020, the Court entered a Protective Order precluding Stewart from taking Andrés's deposition (the "Protective Order"). (ECF No. 55 at 2). On December 9, 2020 and January 11, 2021, the Court denied Stewart's motions for reconsideration of the Protective Order. (ECF Nos. 65, 76).

On December 4, 2020, Stewart filed a motion for conditional certification of a FLSA collective action and for Court facilitation of notice pursuant to 29 U.S.C. § 216(b) (the "Motion for Conditional Certification"), briefing for which was completed on January 19, 2021 and as to which the Court's ruling is pending. (ECF Nos. 60–63, 70–71, 77–78).

At 9:00 p.m. on the evening of December 31, 2020, the Fact Discovery deadline (see ECF No. 41), Stewart filed the Extension Motion. (ECF No. 69). On January 6, 2021, Defendants opposed the Extension Motion. (ECF No. 72).

3

### III. DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 16(b) requires a district court to enter a scheduling order that sets a deadline for, inter alia, completion of discovery, Fed. R. Civ. P. 16(b)(1), (b)(3)(A), and provides that the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings[.]" Parker v. Columbia Pictures Indus., 204 F.3d 326, 339–40 (2d Cir. 2000) (internal citations omitted).

Although Rule 16(b)(4) does not define "good cause," the Second Circuit has explained that its existence "depends on the diligence of the moving party." Parker, 204 F.3d at 340. And, "any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to 'secure the just, speedy, and inexpensive determination of every action' and Rule 26's mandate to limit the extent of discovery when 'the party seeking discovery has had ample opportunity to obtain the information' within the schedule set by the court.'" Rubik's Brand Ltd. v. Flambeau, Inc., 329 F.R.D. 55, 58 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 1, 26(b)(2)(C)(ii)).

To satisfy the good cause standard, "the movant must demonstrate that it has been diligent in its efforts to meet the court's deadlines." Sec. & Exch. Comm'n v. Rio Tinto PLC, No. 17 Civ. 7994 (AT) (DF), 2020 WL 2504008, at *7 (S.D.N.Y. Mar. 9, 2020) (citing Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); see Fresh Del Monte Produce Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 175 (S.D.N.Y. 2014) ("The burden of showing diligence rests on the moving party.") The moving "party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Rio Tinto, 2020 WL 2504008 at *7

(citing Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). "Simply put, '[d]iscovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery.'" Gotlin v. Lederman, Nos. 04 Civ. 3736 & 05 Civ. 1899 (ILG) (RLM), 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) (quoting Harris v. Computer Assocs. Int'l, Inc., 204 F.R.D. 44, 45 (E.D.N.Y. 2001)).

In determining whether good cause exists to extend fact discovery, the Court has "broad authority to oversee and set a discovery schedule as appropriate for [the] case." Rubiks Brand Ltd., 329 F.R.D. at 58; see Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges to resolve discovery disputes).

**B. Application**

Stewart seeks an extension to complete four categories of Fact Discovery: (1) Class documents "[f]or which the Court previously denied Plaintiff [sic]" but requests for which he could renew if his Motion for Conditional Certification were granted; (2) E-discovery as to which the parties "have recently agreed" on the parameters "but for which Plaintiff awaits documents"; (3) Stewart's "original clock-in and out data" and documents regarding errors in Defendants' time-keeping system, after errors or alterations in both of these were "revealed" during Jose Ayala's "re-deposition" on December 29, 2020; and (4) depositions of additional "potential witnesses, such as" Paul Pelno and Dillon Stage, who were "revealed" during Ayala's re-deposition and for whom Stewart is awaiting addresses from Defendants. (ECF No. 69 at 1). To complete these categories, Stewart asks the Court to extend the Fact Discovery deadline 90 days from the ruling on the Motion for Conditional Certification. (Id.)

Defendants oppose the Extension Motion on the ground that Stewart has failed to show good cause for an extension as is required by Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16.2. (ECF No. 72 at 1). As to category one, class discovery, Defendants argue that because no class or collective action has been certified, "there is no reason to extend discovery for this reason." (Id. at 2). As to category two, E-discovery, Defendants argue that Stewart failed to diligently pursue this discovery, waiting over two months to respond to Defendants' proposed search terms. (Id.) As to category three, additional documents discussed during Ayala's re-deposition, Defendants contend that they have largely produced this information to Stewart, and will produce any remaining documents resulting from Ayala's deposition according to the Federal Rules of Civil Procedure. (Id.) Finally, as to category four, Defendants argue that Pelno was Stewart's former supervisor, and Stage was Pelno's supervisor, such that Stewart's assertion that he first learned their names during Ayala's re-deposition "defies credibility." (Id. at 3)

The Court finds that Stewart has failed to show good cause for extending Fact Discovery as to any of the four categories he describes in the Extension Motion. As to category one, as Defendants correctly note, the Court has not yet ruled on the Motion for Conditional Certification, so any request to revisit requests that the Court previously rejected as premature remains so. Once the Motion for Conditional Certification is decided, the Court fully expects to hold a conference with the parties to discuss next steps in the case, including any necessary discovery.

As to category two, Stewart has failed to explain why he waited over two months to agree to Defendants' proposed search terms, thus wasting two months when Defendants otherwise could have been reviewing and producing E-discovery. (See ECF No. 72 at 2). Stewart had "ample

6

opportunity" to pursue E-discovery from Defendants before the Fact Discovery deadline, Gotlin, 2007 WL 1429431, at *3, and therefore, has not shown that he was "diligent in [his] efforts to meet the court's deadlines." Rio Tinto, 2020 WL 2504008, at *7.

As to category three, Defendants represented in their opposition to the Extension Motion that they have produced "many" of the additional documents raised in Ayala's re-deposition (ECF No. 72 at 2), and Stewart has not shown otherwise, nor has he described with any specificity which documents remain outstanding. Accordingly, he has not shown that good cause exists to extend the deadline with respect to these documents.

As to category four, Pelno was identified in this litigation as Stewart's supervisor as of August 28, 2020, four months before the Fact Discovery deadline, and it is hard to believe that Stewart did not know Pelno was his supervisor, having worked under him at Mercado Little Spain. (ECF No. 72-3 at 12). Similarly, Stage was the Head Chef at Lena, one of the restaurants at Mercado Little Spain at which Stewart worked, and supervised Pelno, (ECF No. 72 at 3), who in turn supervised Stewart, and Stewart has not given the Court reason to believe he did not already know who Stage was.

Finally, Stewart's eleventh-hour (almost literally) filing of the Extension Motion also undermines any possible inference of good cause. As the court in Bruce v. County of Rensselaer noted, "[t]he filing of a request for an extension on the final day of the time period does not . . . provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties," which is the opposite of the diligence that must be shown to merit an extension of the Fact discovery deadline. No. 02 Civ. 0847 (TJM), 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003).

Accordingly, absent a showing of good cause, the Court must deny Stewart's Extension Motion.

### IV. CONCLUSION

For the reasons set forth above, Stewart's Extension Motion is DENIED. Stewart may, however, renew his requests relating to class discovery following the Court's ruling on the Motion for Conditional Certification.

The Clerk of the Court is respectfully directed to close ECF No. 69.

Dated:      New York, New York
            February 1, 2021

_____
SARAH L. CAVE
United States Magistrate Judge