UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK STEWART, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiff,<br><br>-v-<br><br>HUDSON HALL LLC, d/b/a MERCADO LITTLE SPAIN, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 20 Civ. 885 (PGG) (SLC)<br><br>**ORDER DENYING MOTION TO STRIKE** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Derrick Stewart ("Stewart") filed this putative collective and class action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq., against Defendants Hudson Hall, LLC d/b/a Mercado Little Spain ("Hudson Hall"), Hudson Hall Holdings LLC d/b/a Mercado Little Spain ("Holdings"), Think Food Group, LLC ("Think") (Hudson Hall, Holdings, and Think, together the "Corporate Defendants"), and José Ramon Andrés Puerta a/k/a José Ramon ("Andrés") (Andrés and the Corporate Defendants, together "Defendants"). Stewart is seeking to recover: (1) unpaid overtime wages; (2) unpaid wages for off-the-clock work; (3) liquidated damages; and (4) attorneys' fees and costs. (ECF No. 26 ¶ 1).

Before the Court is Defendants' letter-motion to strike (the "Motion") Stewart's Responses (the "Responses") to Defendants' First and Second Requests for Admissions (the

1

"RFAs") (ECF No. 79).  Stewart has opposed the Motion (ECF No. 80) (the "Opposition"), and Defendants have filed a reply in further support of the Motion (ECF No. 81).  For the reasons set forth below, Defendant's Motion is DENIED.

## II. BACKGROUND

### A. Factual Background

The Court incorporates by reference the complete factual summary set forth in the Court's Report and Recommendation recommending that Defendants' Motion to Dismiss (the "Motion to Dismiss") Stewart's First Amended Class Action and Collective Action Complaint (the "FAC") be granted in part and denied in part, (ECF No. 53 (the "R&R")).

### B. Procedural Background

A detailed description of the procedural history of this action is set forth in the Court's February 1, 2021 Order denying's Stewart's motion for an extension of the discovery schedule, and is incorporated herein by reference.  (ECF No. 82).  As is relevant to the current Motion, the pretrial schedule in place set December 31, 2020 as the deadline for the completion of Fact Discovery and February 15, 2021 as the deadline for completion of Expert Discovery.  (ECF No. 41 at 4–5).

On October 29, 2020, Defendants served their first set of RFAs (the "First RFAs"), and on November 12, 2020, served the second set of RFAs (the "Second RFAs").  (ECF No. 79 at 1).  On November 23, 2020, Stewart requested a 30-day extension to respond to both RFAs.  (Id. at 1, ECF No. 79-3 at 3).  Defendants agreed to extend until December 14, 2020 Stewart's time to respond to the First RFAs, and until December 24, 2020 his time to respond to the Second RFAs.

(ECF Nos. 79 at 1, 79-3 at 2). Stewart did not respond to either set of RFAs by the agreed deadlines, and instead served his Responses on December 31, 2020. (ECF Nos. 79 at 1, 79-4 at 9).

### III. DISCUSSION

#### A. Legal Standard

"A request for admission pursuant to Federal Rule of Civil Procedure 36 is 'not a discovery device.'" In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14 Md. 2542 (VSB) (SLC), 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) (quoting T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997)). Instead, an RFA is "a procedure for obtaining admissions for the record of facts already known by the seeker." Versatile Housewares v. SAS Grp., No. 09 Civ. 10182 (KMK) (PED), 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (internal citations omitted); see Rep. of Turkey v. Christie's, Inc., 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that RFAs "'are used to establish admission of facts about which there is no real dispute'") (quoting 7 Moore's FEDERAL PRACTICE § 36.02[1] (3d ed. 2013)). In responding to an RFA, "the answering party may admit or deny a request or 'state in detail why the answering party cannot truthfully admit or deny it.'" Id. (quoting Fed. R. Civ. P. 36(a)(4)). The answering party may also assert lack of knowledge under certain circumstances, and may assert objections based on "vagueness, that is, the respondent cannot answer because the meaning of the request is uncertain." Id. (quoting 7 Moore's FEDERAL PRACTICE § 36.11[5][c]).

Rule 36 provides that, as to each RFA:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

3

Fed. R. Civ. P. 36(a)(3). "[T]his provision takes automatic effect if the requested party fails to respond within the specified time frame." Beberaggi v. N.Y.C. Transit Auth., No. 93 Civ. 1737 (SWK), 1994 WL 18556, at *2 (S.D.N.Y. Jan. 19, 1994) (collecting cases). In fact, "the requesting party need not even move for a declaration that its requests be deemed admitted." Id.

Despite the automatic effect of the deadlines in Rule 36, the Rule gives a court "some discretion . . . to make exceptions in appropriate circumstances." Beberaggi, 1994 WL 18556, at *2. Rule 36(b) provides that "the court may permit withdrawal or amendment [of admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Courts have interpreted this provision to grant discretion to "forgive tardiness." Beberaggi, 1994 WL 18556, at *2 (collecting cases). A court has discretion to grant relief from untimely service of responses "'only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result.'" Id. at 3 (quoting Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983)) rejected on unrelated grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988); see River Light V, L.P. v. Lin & J Int'l Inc., 299 F.R.D. 61, 63 (S.D.N.Y. 2014) (citing Donovan).

Where a party has responded to an RFA, "[t]he propounding party may move for a judicial determination of the sufficiency of an answer or objection." Keurig, 2020 WL 6290584, at *4. If the court finds that the answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). A court is "'invested with substantial discretion under Rule 36 . . . to determine the propriety" of RFAs and corresponding answers and objections. Versatile Housewares, 2010 WL 11601225, at *1

4

(quoting Dubin v. E.F. Hutton Grp., 125 F.R.D. 372, 373 (S.D.N.Y. 1989)).  If an RFA "seek[s] information as to fundamental disagreement[s] at the heart of the lawsuit, or [is] unduly burdensome, a court may excuse a party from responding to the request[]." Rep. of Turkey, 326 F.R.D. at 399.

### B. Application

Defendants first ask the Court to strike Stewart's Responses and deem him to have admitted the RFAs due to his failure to serve the Responses by the parties' agreed deadline.  (ECF No. 79 at 2).  In their reply, Defendants claim that they are prejudiced by Stewart's delay in serving his Responses until the last day of Fact Discovery, which precluded them from seeking evidence with respect to his Responses.  (ECF No. 81 at 2–3).

Stewart counters that Defendants have failed to show any prejudice or that his Responses do not advance the merits of the litigation.  (ECF No. 80 at 1–2).  He contends that there was good cause for the brief delay, which resulted from the fact that his counsel contracted COVID-19.  (Id. at 2).  He points out that deeming the RFAs admitted "would be especially inappropriate here as it would lead to admissions that are plainly inconsistent with the facts presented in this matter."  (Id.)  For example, an admission to RFA number 2 would state that Stewart does not have records of his hours working for Defendants, when he has already produced such documents during discovery.  (Id.)

Under the circumstances of this case, the Court declines to strike Stewart's Responses and deem him to have admitted the RFAs.  First, while the Court does not condone Stewart's disregard of the parties' agreed deadline for the Responses and unilaterally granting himself an extension without conferring with Defendants, the delay here was relatively brief (one week for

the Second RFAs and two weeks for the Second RFAs) in comparison to the length of the delay in cases in which courts declined to excuse delay.  Compare S.E.C. v. Thrasher, No. 92 Civ. 6987 (JFK), 1996 WL 460148, at *1 (S.D.N.Y. Aug. 13, 1996) (deeming RFAs admitted where responses and objections were served approximately two months late without a meaningful explanation); Beberaggi, 1994 WL 18556, at *3 (declining to excuse responses to RFAs that were more than two months late).

Second, the Court must credit the representation of Stewart's counsel, as an officer of the Court, that he is speaking truthfully when he states that he and his colleagues contracted COVID-19 "shortly prior to the due date" thus delaying service of Stewart's Responses.  (ECF No. 80 at 2).  Defendants dispute whether Stewart's counsel had COVID-19, pointing out that Stewart filed a motion for reconsideration on December 23, 2020, during the time he was infected.  (ECF No. 81 at 2).  The Court is not a medical expert and is not in a position to judge what Stewart's counsel was able to do or not do while ill.  The Court takes Stewart's counsel at his word, and finds that his explanation for the delay is justified.  See Fed. R. Civ. P. 6(b) (permitting an extension of time for a party's failure to act due to "excusable neglect"); cf. Active Glass Corp. v. Architectural & Ornamental Iron Workers Loc. Union 580, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (granting extension request for excusable neglect on the grounds of sudden serious illness which was "obviously [] outside [counsel's] reasonable control.").

Third, the Court finds that Defendants have not shown measurable prejudice from the delay.  While they complain that they "had no opportunity to 'obtain evidence with respect to the questions previously deemed admitted'" due to the delay, Defendants neither indicate from which Responses they were unable to seek discovery nor do they describe what discovery they

would have sought had they had more time. (ECF No. 81 at 2 (quoting In re S.W. Bach & Co., No. 07-11569 (MG), 2010 WL 681000, at *3 (Bankr. S.D.N.Y. Feb. 24, 2010)). Defendants' professed prejudice therefore rings hollow.

Fourth, the Court finds that excusing the brief delay will aid in the presentation of the merits in this litigation. In his Responses, Stewart "admitted" or "denied" without qualification seven out of twelve of the First Responses, and 18 out of 20 of the Second Responses. (ECF No. 79-4). As Stewart correctly points out (ECF No. 80 at 1–2), to deem all of the RFAs now admitted would lead to contradictions, rather than clarifications as Rule 36 intends. See Beberaggi, 1994 WL 18556, at *3 (noting that the "Second Circuit has signaled that the trial court should keep in mind the underlying policy of Rule 36 'to narrow issues and speed the resolution of claims'") (quoting Donovan, 703 F.2d at 652).

Accordingly, the Court finds that it is appropriate to excuse Stewart's brief delay in serving his Responses and declines to strike the Responses as untimely.

Defendants request "[i]n the alternative" that the Court require Stewart to amend his Responses to the First RFAs (specifically numbers 2, 3, 4, 5, and 12) to comply with Rule 36. (ECF No. 79 at 3). In his Opposition, Stewart amends his Responses to each of these five RFAs. (ECF No. 80). Accordingly, Defendants' alternative relief is moot. For the sake of a clear record, however, the Court ORDERS Stewart, within five (5) business days of this Order, to serve on Defendants a complete set of the Responses, including those amended in his Opposition.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion is DENIED. By February 12, 2021, Stewart shall serve on Defendants his Responses, as amended in ECF No. 80, to the RFAs.

The Clerk of the Court is respectfully directed to close ECF No. 79.

Dated:	New York, New York
	February 5, 2021

*Sarah L. Cave*
SARAH L. CAVE
United States Magistrate Judge