# LEE LITIGATION GROUP, PLLC
24 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:        (212) 465-1188
                       cklee@leelitigation.com

February 19, 2021

**Via ECF**
The Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                Re:     *Stewart v. Hudson Hall LLC et al.*
                      Case No.: 20-cv-0885

Dear Judge Gardephe:

      We are counsel to Plaintiff in the above-captioned case. We write to request a pre-motion conference pursuant to Your Honor's Individuals Rules § IV.A for Plaintiff Stewart's anticipated motion for summary judgment, which will accompany his motion for class certification pursuant to Fed. R. Civ. P. 23.

      Plaintiff, who worked as a line cook at Defendants' "Mercado Little Spain" restaurant, brought this action to seek unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging that Defendants time-shaved him and Class members and failed to pay them proper overtime premiums.

      Based on the record developed during discovery, including deposition testimonies of three of Defendants' representatives and employment records, Plaintiff will demonstrate that (i) there is no genuine dispute of material fact with respect to issues of class liability with respect to most of Defendants' time-shaving practices and their violations of the Wage Theft Prevention Act ("WTPA"), and (ii) there is no genuine question of material fact that Defendants are liable to Plaintiff for unpaid overtime premiums. As per Your Honor's individual rules, Plaintiff sought Defendants' consent to the filing of his anticipated summary judgment motion, but Defendants declined to provide it.

    **A.     Time Shaving**

        **1.     Compensability of Breaks Lasting Twenty (20) Minutes or Less.**

      Both the NYLL and the FLSA provide that breaks lasting twenty minutes or less are compensable. See *Perez v. Wells Fargo & Co.*, 2016 U.S. Dist. LEXIS 104385, *8, 2016 WL 4180190 (N.D. Cal. Aug. 8, 2016). However, Defendants' discovery production revealed four separate occasions when Plaintiff was not compensated for such breaks. And the deposition testimony of Defendants' representatives confirmed that this was Defendants' official policy

with respect to Class members generally. Asked "And you're not paid for the 15 minutes that you're on break, then, correct?", Mercado's executive manager Michael Principe responded "Yes, correct." Dep. 106:18-21. The combined evidence leaves no question that Defendants failed to compensate the entire Class for breaks lasting twenty minutes or less.

### 2. Compensability of Preliminary and Postliminary Work

Plaintiff and Class members spent significant amounts of time changing into uniforms in Defendants' locker room and then walking to the workstations where they could clock in. While the parties do not agree on how long this took exactly, there is no question that it was at least five minutes, given Defendants' own representations: "**Q.** How much time do you think it would be from the time a person walks into the door through the time that they're able to punch in? **A.** To where they're working? Five minutes." Principe Dep. 87:9-14. Defendants do not dispute that this time, however long it was, went uncompensated.

It should have been compensated, however. Plaintiff and Class members had no choice but to change into their uniforms in an overcrowded locker room before they could begin working: "**Q.** But everybody else that was working at Mercado Little Spain, they have to go through the entrance, right, on 30th Street between 10th and 11th Avenue, walk to the locker room, wait because other people are changing. And then once other people finish changing and then they change, then they can walk to their individual punch-in/punch-out clock at their workstation, right? **A.** Yes." Principe Dep. 86: 16 – 87:2. There is therefore no question that this process was "integral and indispensable" to employees' "principal activity," making it compensable under applicable laws. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016) (the FLSA "requires employers to pay employees for activities 'integral and indispensable' to their regular work, even if those activities do not occur at the employee's workstation") (quoting *Steiner* v. *Mitchell*, 76 S. Ct. 330 (1956)); *Perez v. City of New York*, 832 F.3d 120, 124 (2nd Cir. 2016) ("An employer's requirement that pre-or post-shift activities take place at the workplace may indicate that the activities are integral and indispensable to an employee's duties.").

### 3. Additional Pre-Shift Off-the-Clock Work

Regardless of the above, there is no question that Plaintiff and Class members were required to perform pre-shift off the clock work after they left the locker room but before they reached their workstations to clock in. Plaintiff attests to this, and his recollection was confirmed by Defendants' representative: "**Q.** Would it be possible that you would -- an employee would see other employees near the locker room and somebody tell them, oh, can you pick up this and that for me on your way back to the workstation? That's possible, right? **A.**" Sure. Principe Dep. 81:24 – 82:6.

## B. Unpaid Overtime Premiums

Defendants failed to pay Plaintiff and Class members proper overtime premiums. However, Plaintiff intends to seek summary judgment on Defendants liability for such to him

individually and leaves the claims of other Class members for trial. As to Plaintiff, one of his paystubs clearly showed him working over forty (40) hours per week at a straight-time rate. Defendants have argued that what may appear as overtime hours were in fact retroactive straight-time hours for the previous week. But since Plaintiff had already been compensated for forty (40) hours the previous week, this explanation, even if true, cannot eliminate Defendants' liability.

### C. Wage Notices and Wage Statements under the WTPA

At all times, Defendants failed to provide proper wage and hour notices to Plaintiff and Class members. While it appears that Defendants generated these digitally, Plaintiff and Class members were never informed of how to obtain them. Nor were they provided with the proper means of obtaining them, since the New York Department of Labor has determined that wage and hour notices may be given electronically only if there is "a system where the worker can acknowledge the receipt of the notice and print out a copy of the notice."[1] It is Defendants' burden to prove compliance, and they cannot do so. *See* 12 N.Y.C.R.R. § 146-2.2 (the "employer has the burden of proving compliance" with the WTPA).

The wage statements Defendants provided to Plaintiff and Class members were inaccurate because they did not reflect time-shaved off-the-clock work. Thus, Defendants' failure to provide proper wage statements is as readily provable as their time shaving.

We thank Your Honor for considering our request for a pre-motion conference.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.


cc:  all parties via ECF

---

[1]   https://www.labor.ny.gov/workerprotection/laborstandards/PDFs/wage-theft-prevention-act-faq.pdf.