

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900
Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
DIRECT DIAL: 212-905-2305
EMAIL: GGRINDLINGER@FOXROTHSCHILD.COM

February 22, 2021

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: Stewart v. Hudson Hall LLC, *et al.***
**Civil Action No. 1:20-cv-00885 (PGG-SLC)**

Dear Judge Gardephe:

We represent Defendants Hudson Hall LLC d/b/a Mercado Little Spain ("MLS"), Hudson Hall Holdings LLC, Think Food Group LLC, and Jose Ramon Andres Puerta a/k/a Jose Andrés (collectively, "Defendants") in the above-referenced matter. Pursuant to Section IV(A) of the Court's Individual Rules of Practice, Defendants respectfully request a pre-motion conference in connection with their anticipated motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on several of Plaintiff's claims. The basis for Defendant's proposed Motion is set forth below. This letter is not being submitted with the consent of Plaintiff.

**Background**

Plaintiff, a former Line Cook at MLS, filed a putative class and collective action. In his Amended Complaint, Plaintiff alleges that all Defendants were his employers and that Defendants purportedly violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and/or the New York Labor Law § 190 *et seq.* ("NYLL") by: (1) failing to pay him for all hours worked; (2) failing to pay him overtime when he worked more than 40 hours per week; (3) deducting 30 minutes from every shift for meal breaks that Plaintiff did not take: (4) failing to provide Plaintiff with a rate of pay






notice at the commencement of his employment; and (5) failing to provide Plaintiff with proper wage statements.

On May 29, 2020, Defendants filed a motion to dismiss that sought dismissal of the claims asserted against Mr. Andrés, Hudson Hall Holdings LLC, and Think Food Group LLC. On October 19, 2020, Magistrate Judge Cave issued a Report & Recommendation ("R&R"), recommending that the Court grant Defendants' motion with respect to Hudson Hall Holdings LLC and Think Food Group LLC, but deny it with respect to Mr. Andrés. The R&R also recommended that Plaintiff be given an opportunity to file a Second Amended Complaint. No party objected to the R&R, and Plaintiff has not filed a Second Amended Complaint to address the deficiencies in the Amended Complaint identified by Magistrate Judge Cave in the R&R.

On December 31, 2020, on the eve of the close of fact discovery, Plaintiff filed a motion to extend the discovery deadline. On February 1, 2021, Magistrate Judge Cave issued an Order denying Plaintiff's request. Accordingly, fact discovery has concluded.

**Proposed Motion for Summary Judgment**

Based on the discovery in this matter—including Plaintiff's wage statements, his rate of pay form, MLS handbooks and manuals, and deposition testimony from Plaintiff and several of Defendants' employees—the record establishes that, as a matter of law, (1) Mr. Andrés was not Plaintiff's employer, (2) Plaintiff received a compliant rate of pay form at the time of his hire, and (3) the time Plaintiff spent changing into his MLS "uniform" each day is non-compensable. Accordingly, Defendants anticipate moving for summary judgment on these issues.

## I. Mr. Andrés Was Not Plaintiff's Employer

Under the FLSA, individual liability only extends to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts in this Circuit consider a number of factors to determine individual liability under the FLSA, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984).[1] Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and

[1] Individual liability under the NYLL follows the same analysis as that under the FLSA. *See Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F.Supp.2d 253, 308 n. 21 (S.D.N.Y. 2011) ("Courts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA.").






operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

The only specific allegations asserted by Plaintiff against Mr. Andrés are that Mr. Andrés exercised control over business operations and payroll practices at MLS, and Plaintiff claims this is true by referring in his Amended Complaint to (1) a Twitter post from Mr. Andrés, wherein Mr. Andrés addresses a "glitch" that caused some employees to be underpaid and notes that employees can "come to us with any issue", and (2) a corporate press release titled "A Message From José Andrés" noting that Mercado Little Spain would be temporarily closing due to COVID-19. *See* Amended Complaint ¶ 15; Amended Complaint Exhibits B and C. Yet, during discovery, Plaintiff could not identify any concrete examples of Mr. Andrés exercising actual control over MLS's business operations and/or payroll practices generally, or any specific examples of Mr. Andrés exercising any control over the terms and conditions of Plaintiff's employment.

To the contrary, Plaintiff repeatedly admitted that he never interacted with Mr. Andrés and Mr. Andrés was not, in fact, responsible for the terms and conditions of his employment. Specifically, Plaintiff admitted that Mr. Andrés did not interview him, did not reprimand him, and did not otherwise supervise or control his employment. *See* **Exhibit A** (Plaintiff's Deposition Transcript ("Plaintiff Dep. Tr.")), p. 136:7 – 139:12. Accordingly, Mr. Andrés was not Plaintiff's "employer" under the FLSA or NYLL, and the claims against Mr. Andres should be dismissed.

## II. Plaintiff Received a Compliant Rate of Pay Form

Under the New York Wage Theft Prevention Act, N.Y. LAB. L. § 195(1), rate of pay notices must be provided to employees in New York upon hire. Specifically, the rate of pay form must be provided in writing in English (and in the language identified by each employee as the primary language of such employee), and the rate of pay form must include the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. *See* N.Y. LAB. L. § 195(1)(a).

Although Plaintiff claimed in his Amended Complaint that he did not receive a rate of pay form at the time of hire, during discovery Defendants produced Plaintiff's rate of pay form that he received at the time of hire (which he signed), *see* **Exhibit B** (Hudson Hall 0099), and Plaintiff admitted during his deposition that he in fact received the rate of pay form, *see* **Exhibit A** (Plaintiff Dep. Tr.), p. 156:23 – 157:2-25; 276:12-20. Accordingly, summary judgment should be granted to Defendants on Plaintiff's NYLL § 195(1) claim and the cause of action dismissed.






## III. Plaintiff Is Not Entitled to Pay for Time Spent Changing Into/Out of His Uniform[2]

"The FLSA guarantees compensation for all work or employment engaged in by employees covered by the Act." *Singh v. City of N.Y.,* 524 F.3d 361, 367 (2d Cir. 2008) (citation omitted). "The Portal-to-Portal Act 'narrowed the coverage of the FLSA by excepting two activities that had been treated as compensable' under Supreme Court precedent: (1) 'walking on the employer's premises to and from the actual place of performance of the principal activity of the employee'; and, (2) 'activities that are preliminary or postliminary to that principal activity.'" *Edwards v. City of New York*, No. 08-cv-3134 (DLC), 2011 WL 3837130, at *6 (S.D.N.Y. Aug. 29, 2011) (quoting *IBP, Inc. v. Alvarez,* 546 U.S. 21, 27 (2005), and 29 U.S.C. § 254(a)) (certain internal quotation marks omitted). *See also Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016) (noting that the Portal-to-Portal Act clarified that "compensable work does not include time spent walking to and from the employee's workstation" or other preliminary or postliminary activities).

In general, "checking in and out and waiting in line to do so, changing clothes, washing up or showering, and waiting in line to receive pay checks" are not compensable under FLSA. 29 C.F.R. § 790.7(g). Indeed, such activities are only compensable if they are so integral to be part of the employee's principal activity. *See* 29 C.F.R. §790.8(c). The Supreme Court has long held that unless the uniform is "unique protective gear" the donning and doffing of uniforms are not compensable. *See Steiner v. Mitchell,* 350 U.S. 247, 248 (1956). Thus, courts in this Circuit have held that employers did not have to compensate employees for changing into and out of uniforms that were far more extensive than Plaintiff's purported uniform. *See, e.g., Gorman v. Consolidated Edison Corp.,* 488 F.3d 586, 592–94 (2007) (holding that time spent changing into and out of protective gear at nuclear power plant was not compensable); *Haight v. The Wackenhut Corp.,* 692 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2010) (holding that time spent by police officers badging into secure area, proceeding to locker rooms, and donning/doffing generic protective gear and uniforms was not compensable); *Arcadi v. Nestle Foods Corp.,* 841 F. Supp. 477, 483 (N.D.N.Y. 1994), *aff'd* 38 F.3d 672 (2d. Cir. 1994) (time spent by employees at manufacturing facility changing into and out of uniforms was not compensable).

Here, Plaintiff's claim that he was entitled to pay for the time spent changing into and out of his uniform is entirely unsupported by any facts in the record and is appropriate for dismissal on a summary judgment motion. As an initial matter, under applicable case law, MLS employee uniforms

---

[2] Defendants note that the Amended Complaint does not contain any facts to support any purported claim that Plaintiff should have been compensated for donning and doffing uniforms, and this claim appears to be raised for the first time at summary judgment; it should be dismissed on this basis alone. *See Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407-08 (S.D.N.Y. 2000) ("Because a failure to assert a claim until the last minute will inevitably prejudice [Defendants], courts in this District have consistently ruled that 'it is inappropriate to raise new claims for the first time [at the summary judgment stage].").





are not "unique protective gear", such that they are "integral or indispensable" to the employees' work; accordingly, the time Plaintiff spent changing into and out of his uniform was not compensable. *See, e.g.*, *Gorman*, 488 F.3d at 592–94; *Haight*, 692 F. Supp. 2d at 344-345; *Arcadi*, 841 F. Supp. at 483. However, even if such time was compensable, which it is not, Michael Principe, the Executive Director of MLS, testified during his deposition that it does not take a "significant" amount of time for employees to wait for an open bathroom to change into their work uniforms, completely contradicting Plaintiff's allegations. *See* **Exhibit C** (Michael Principe's Deposition Transcript ("Principe Dep. Tr.") p. 89:24 – 90:5). Plaintiff did not testify otherwise or correct Mr. Principe's testimony that it did not take any significant amount of time for employees to change into their uniforms. Accordingly, summary judgment should be granted to Defendants on Plaintiff's claim that he is entitled to compensation for the time spent changing into and out of his uniform.

**Conclusion**

Defendants, therefore, respectfully assert that, under applicable case law and the established record, the Court must conclude that Defendants are entitled to judgment as a matter of law on these claims. Accordingly, Defendants respectfully request the opportunity to make a motion for summary judgment based on the information outlined above.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Glenn S. Grindlinger*

Glenn S. Grindlinger

cc: All Counsel of Record (*via* ECF)