UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK STEWART, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>                                  Plaintiff,<br><br>                  - against -<br><br>HUDSON HALL LLC, d/b/a Mercado Little Spain, HUDSON HALL HOLDINGS LLC, d/b/a Mercado Little Spain, THINK FOOD GROUP, LLC, and JOSE RAMON ANDRES PUERTA, a/k/a Jose Andres,<br><br>                                  Defendants. | **ORDER**<br><br>20 Civ. 885 (PGG) (SLC) |

PAUL G. GARDEPHE, U.S.D.J.:

          In this putative collective and class action, Plaintiff Derrick Stewart asserts wage and overtime claims against Defendants Hudson Hall, LLC, d/b/a Mercado Little Spain ("Hudson Hall"), Hudson Hall Holdings LLC, d/b/a Mercado Little Spain ("Holdings"), Think Food Group, LLC ("Think") (collectively the "Corporate Defendants"), and José Ramon Andrés Puerta, a/k/a José Andrés ("Andrés") (Andrés and the Corporate Defendants, together "Defendants") under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), §§ 2, 195(3), and 651.  (Am. Cmplt. (Dkt. No. 26) ¶¶ 1-2, 57, 62)[1]

          Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 32) This Court referred Defendants' motion to Magistrate Judge Sarah L. Cave for a Report and Recommendation ("R&R").  (Dkt. No. 34)  Judge Cave issued a twenty-two page R&R

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

recommending that Defendant's motion be (1) granted as to Plaintiff's claims against Holdings and Think; and (2) denied as to Plaintiff's claims against Andrés. (See generally R&R (Dkt. No. 53)) Judge Cave also recommends that Plaintiff be granted leave to amend. (Id.) No objections to the R&R have been filed.

For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

I. **FACTS**[2]

The Amended Complaint alleges that Defendants own and operate Mercado Little Spain, located in Manhattan. (Am. Cmplt. (Dkt. No. 26) ¶¶ 6, 8) Mercado Little Spain consists of more than ten restaurants, bars, and kiosks, which "together comprise a marketplace intended to mirror market halls located throughout Spain." (Id. ¶ 8; see also id. ¶ 7(a)-(c)) According to Plaintiff, Mercado Little Spain's "Restaurants, Bars, and Kiosks . . . operate as a single[] integrated enterprise and are engaged in related activities, share common ownership, and have a common business purpose[.]" (Id. ¶ 10)

According to Plaintiff, "[e]mployees are interchangeable among the Restaurants, Bars, and Kiosks[.]" (Id. ¶ 10(c)) Indeed, Plaintiff began his employment at one restaurant, was transferred to a kiosk, and was later transferred to another restaurant. (Id.) "The Restaurants regularly share and exchange non-exempt employees," for example, "on special occasions (e.g., parties or private events)" when a location is short-staffed. (Id. ¶ 10(m)) "The Restaurants, Bars, and Kiosks share payroll methods and have a single, centralized system of labor relations for employees." (Id. ¶ 10(d)) For example, when Plaintiff was transferred from

---

[2] The facts set forth in this Order are drawn from the Amended Complaint and are presumed true for purposes of resolving Defendants' motion to dismiss. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

2

one restaurant to another, he was paid "through the same corporate entity," Hudson Hall. (Id.) And throughout his employment with Mercado Little Spain, Plaintiff "was transferred to other Restaurants and Kiosks on an as needed basis." (Id. ¶ 31)

The Amended Complaint further alleges that Mercado Little Spain uses a central marketing department and the same website, social media accounts, brand name, and logo to advertise all of its restaurants, bars, and kiosks. (Id. ¶¶ 9, 10(e) & (g))

As to Defendant Andrés, the Amended Complaint alleges that he "is an owner and principal of the Corporate Defendants." (Id. ¶ 14) He "exercises operational control as it relates to all employees" during his "frequent[] visit[s]" to Mercado Little Spain facilities. (Id.) He "exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees[.]" (Id.) "At all times, employees could complain to [Andrés] . . . regarding any of the terms of their employment," and he "had the authority to effect any change to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly." (Id.) Indeed, via Twitter, Andrés informed Mercado Little Spain employees "that they [could] reach out to him regarding any pay issues and that he [could] solve them." (Id. ¶ 15 (citing Ex. B. (Dkt. No. 26-2)) And via a post on the Mercado Little Spain website, Andrés announced that he "determines hours of operations, pay compensation and benefits for furloughed and fired employees." (Id. (citing Ex. C. (Dkt. No. 26-3))

Plaintiff alleges that he worked at various Mercado Little Spain outlets from March 1, 2019, until his termination on September 15, 2019. (Id. ¶¶ 30-31) With limited

3

exceptions, "from May 13, 2019 to September 1, 2019, Plaintiff worked five (5) days per week for nine (9) hours per day, for a total of forty-five (45) hours each week at an hourly rate of $17.00." (Id. ¶ 33)  Plaintiff did not receive overtime compensation for hours worked in excess of forty.  (See, e.g., id. ¶ 34 ("Between May 20, 2019 to May 26, 2019, Plaintiff worked in excess of 52.94 hours and was paid a straight rate of $17.00 for a total of $899.98."))

According to Plaintiff, although he "was expected to clock-out at the end of his scheduled shifts," he "was instructed by managers to continue performing other work tasks, such as cleaning and scrubbing the floor" after he had clocked-out.  (Id. ¶ 36)  Plaintiff performed these "off-the-clock work tasks for thirty (30) minutes after the close of each scheduled shift, four (4) times per week," for a total of two hours each week.  (Id.)  Plaintiff "was not paid for this off-the-clock work."  (Id.)

Plaintiff further alleges that Defendants' managers frequently did not clock him in when "he actually arrived for his scheduled shift and began working[.]"  (Id. ¶ 37)  Plaintiff thus was not compensated for work time at the outset of his shift.

Defendants also "automatically deducted thirty (30) minutes for a meal break" from "scheduled work shifts," even though Plaintiff was required to "work during all his meal breaks."  (Id. ¶ 38)  Plaintiff was not compensated for the work he performed during his lunch break.  (Id.)

Finally, Defendants did not provide Plaintiff with either wage notices or proper wage statements.  (Id. ¶¶ 39-40)

## II. PROCEDURAL HISTORY

The Complaint was filed on January 31, 2020, and the Amended Complaint was filed on April 27, 2020.  (Dkt. Nos. 1, 26)  The Amended Complaint asserts claims for (1)

unpaid wages and overtime, and a failure to disclose rights, under the FLSA (Am. Cmplt. (Dkt. No. 26) ¶¶ 45-55); and (2) unpaid wages and overtime, and a failure to disclose rights and provide wage notices and wage statements, under the NYLL. (Id. ¶¶ 56-63)

On May 29, 2020, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 32) On June 1, 2020, this Court referred Defendants' motion to Judge Cave for an R&R (Dkt. No. 34), and on October 19, 2020, Judge Cave issued her R&R. (Dkt. No. 53) No objections to the R&R have been filed.

### III. THE OCTOBER 19, 2020 REPORT AND RECOMMENDATION

Although Defendants concede, for purposes of their motion to dismiss, that Hudson Hall was Plaintiff's "employer" under the FLSA and NYLL, Defendants contend that the Complaint does not allege sufficient facts to demonstrate that Holdings, Think, and Andrés were also Plaintiff's "employer" under the FLSA and NYLL. (Def. Br. (Dkt. No. 33) at 6 n.1; see id. at 6) In her R&R, Judge Cave agrees with Defendants as to Holdings and Think, but disagrees as to Andrés. (R&R (Dkt. No. 53) at 22)

#### A. Whether the Amended Complaint Pleads Facts Sufficient to Demonstrate that Hudson Hall Holdings LLC and Think Food Group, LLC Were Plaintiff's Employer

Defendants contend that the Amended Complaint does not plead facts sufficient to demonstrate that Holdings and Think exercised formal or functional control over Plaintiff's employment. (Def. Br. (Dkt. No. 33) at 16-20)

As Judge Cave notes, the Amended Complaint includes few allegations regarding Holdings and Think. (R&R (Dkt. No. 53) at 12) Plaintiff pleads the state of incorporation of these entities, that Hudson Hall LLC is a subsidiary of Holdings and Think, and – in a conclusory fashion – that Holdings and Think "own and operate the Restaurants, Kiosks and Bars which comprise" Mercado Little Spain. (Am. Cmplt. (Dkt. No. 26) ¶ 12; see

5

also id. ¶¶ 11-13)  Judge Cave finds that "there are no non-conclusory allegations that" either Holdings or Think "had the power to hire [Plaintiff] . . . supervise[] or control[] work schedules or payments . . . or maintain[] employment records," and that accordingly Plaintiff has not adequately pled that Holdings and Think exercised formal control over Plaintiff's employment.  (R&R (Dkt. No. 53) at 12 (citing cases))[3]

As to functional control, Judge Cave notes that the Amended Complaint does not contain any factual allegations demonstrating the "'degree to which' Holdings and Think supervised [Plaintiff] or any other similarly-situated employees, or any other employment decisions for which they were responsible."  (Id. at 13 (citing cases))

As to whether Hudson Hall LLC, Holdings and Think constitute a single integrated enterprise, Judge Cave concludes that the Amended Complaint does not contain the necessary factual allegations.  (Id. at 14)  The Amended Complaint "does not allege that the Corporate Defendants operate as a single enterprise," but instead alleges "only that the restaurants, bars, and kiosks . . . compris[ing] Mercado Little Spain 'operate as a single[] integrated enterprise.'"  (Id. at 14 (quoting Am. Cmplt. (Dkt. No. 26) ¶ 10) (emphasis in R&R)) While an FLSA plaintiff may allege "that multiple defendants together constitute a 'single integrated enterprise' and 'therefore are properly identified as their "employer" for purposes of their FLSA claims,'" (id. at 13 (quoting Addison v. Reiman Blacktop, Inc., 283 F.R.D. 74, 85 (E.D.N.Y. 2011))), here the Amended Complaint "offers no allegations about the extent to which – if at all – the Corporate Defendants have interrelated operations, common management

---

[3] Judge Cave notes that Plaintiff cites facts not pled in the Amended Complaint, such as Holdings' and Think's alleged control of Mercado Little Spain's website, their role in hiring and firing, and Mercado Little Spain's liquor license.  (R&R (Dkt. No. 53) at 12 & 12 n.2 (citing Pltf. Br. (Dkt. No. 36) at 14-16))

and ownership, or centralized control over labor relations, the factors required to establish that the Corporate Defendants may be held liable as a single integrated enterprise under the FLSA." (Id. at 14 (citing cases))  "[E]ven assuming Holdings and Think are part of a broader enterprise, because [Plaintiff] does not allege that Holdings or Think had any connection to him or control of his employment, there is 'no basis for bringing them into this lawsuit which, at present, contains allegations of violations of law solely as to him.'"  (Id. at 15 (citation omitted) (emphasis in R&R))

Because the Amended Complaint does not sufficiently allege that Holdings and Think exercised control over Plaintiff's employment, Judge Cave recommends that Defendants' motion to dismiss be granted as to them.[4]  (Id. at 16)

### B. Whether the Amended Complaint Pleads Facts Sufficient to Demonstrate that Andrés was Plaintiff's Employer

The Amended Complaint alleges that Andrés "is an owner and principal of the Corporate Defendants," and that he "exercises operational control as it relates to all employees[.]"  (Am. Cmplt. (Dkt. No. 26) ¶ 14)  He "exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees[.]"  (Id.)  "[E]mployees could complain to [Andrés] directly regarding any of the terms of their employment," and Andrés "had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly."  (Id.)

---

[4]  Judge Cave recommends that leave to amend be granted as to Holdings and Think.  (Id. at 21-22)

7

In support of these allegations, and attached as exhibits to the Amended Complaint, Plaintiff includes Twitter posts from Andrés and a message Andrés posted on the Mercado Little Spain website. According to Plaintiff, these exhibits show Andrés's "control over business operations and payroll practices," as well as his direction to employees to "reach out to him regarding any pay issues and [his representation] that he can solve them." (Id. ¶ 15 (citing Ex. B (Dkt. No. 26-2) and Ex. C (Dkt. No. 26-3)))

One of Andrés's Twitter posts reads as follows: "This week, we found a glitch in how we paid some wages in NYC – some underpaid, more overpaid. I apologize to everyone who was underpaid. We're correcting it today[.]" (Ex. B (Dkt. No. 26-2) at 2) In his post on the Mercado Little Spain website – which is entitled "A Message From Jose Andrés" – Andrés notes that it was a "difficult decision to temporarily close Mercado Little Spain," due to COVID-19, and that he intends to "repurpose it . . . as a 'community kitchen[.]'" (Ex. C. (Dkt. No. 26-3) at 2) Andrés goes on to state, "[w]e will continue to keep you posted as we evolve our offerings to meet the needs of our community," and that "[a]ll restaurant employees will be provided with paid leave and current health benefits for at least the first two weeks." (Id.)

According to Defendants, the Amended Complaint and its exhibits do not demonstrate that Andrés had "actual" control over Plaintiff's employment, and that instead, the exhibits show that Andrés "was acting as a spokesperson for Mercado Little Spain[.]" (Def. Br. (Dkt. No. 33) at 15)

As Judge Cave notes, "[t]o state a claim under the FLSA against an individual defendant, a plaintiff must allege that he 'possessed the power to control the workers in question.'" (R&R (Dkt. No. 53) at 19 (citation omitted)) FLSA plaintiffs need not "show that the individual defendant 'directly c[a]me into contact with the plaintiffs, their workplaces, or

8

their schedules,'" but mere conclusory allegations as to control over the workplace will not suffice. (Id. (citations omitted))

Judge Cave concludes that Plaintiff has offered more than conclusory allegations. (Id. at 19-20) For example, Andrés's message on the Mercado Little Spain website shows that he was part of the "'decision to temporarily close Mercado Little Spain' due to COVID-19, . . . [and] detail[s] the modified operating schedule and reassure[es] employees about their continued pay and benefits." (Id. at 20 (quoting Ex. C. (Dkt. No. 26-3) at 2)) Andrés's statements support Plaintiff's argument that "he had 'operational control over employees' insofar as his 'role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment[.]'" (Id. (citation omitted))

Finding that Plaintiff has alleged sufficient facts to demonstrate that Andrés had "control" over Plaintiff's employment, Judge Cave recommends – as to Andrés – that Defendants' motion to dismiss be denied. (Id. (citation omitted); id. at 22)

## DISCUSSION

I. **LEGAL STANDARDS**

   A. **Review of Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. For portions of the R&R to which no objection is made, a court's review is limited to a consideration of whether there is any "clear error on the face of the

record" that precludes acceptance of the recommendations. Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation and quotation marks omitted).

### B. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). These factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint[,]" and must "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## II.     ANALYSIS

### A.     Whether the Amended Complaint Pleads Facts Sufficient to Demonstrate that Holdings and Think Were Plaintiff's Employer

Because neither side has objected to Judge Cave's recommendation that Defendants' motion be granted as to Holdings and Think, this recommendation is reviewed solely for clear error.  See Wingate, 2011 WL 5106009, at *1.

As discussed above, the Amended Complaint makes only passing reference to Holdings and Think.  For example, Plaintiff pleads that Hudson Hall LLC is a subsidiary of Holdings and Think, and that Holdings and Think are organized under the laws of New York and Delaware.  (See, e.g., Am. Cmplt. (Dkt. No. 26) at ¶¶ 11-13)  While the Amended Complaint also pleads that Holdings and Think "own and operate" Mercado Little Spain (id. at ¶ 13), this conclusory allegation is not supported by facts.

Liability under the FLSA requires a showing that the defendant is the plaintiff's "employer" – i.e., that the defendant has "act[ed] directly or indirectly in the interest of an employer in relation to an employee[.]"  29 U.S.C. § 203(d).  The Second Circuit has directed district courts to apply an "expansive interpretation" of "employer" for purposes of the FLSA.[5] Herman v. RSR Sec. Servs., Inc. 172 F.3d 132, 139 (2d Cir. 1999).  "[T]he remedial nature of the statute . . . warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy."  Id. (internal quotation marks omitted); see also Barfield v. N.Y.C. Health and Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008).

In determining "employer" status under the FLSA, control is the key issue.  See Herman, 172 F.3d at 135 ("[C]ontrol of employees is central to deciding whether appellant

---

[5]  "[T]he definition of 'employer' under the [NYLL is] coextensive[] with the definition [of that term]" under the FLSA.  Inclan v. N.Y. Hosp. Grp., Inc., 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (citation and quotation marks omitted).

11

should be deemed an employer"). "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control do not diminish the significance of its existence." Id. at 139 (internal alterations and quotation marks omitted). The "overarching concern" in determining whether an entity or individual is an "employer" is whether the entity or individual "possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." Id. (internal quotation marks and citations omitted).

"Under the 'economic reality' test, the relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)).

Although formal control is sufficient to establish employer liability, it is not essential. See Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 309 (S.D.N.Y. 2011) ("[A] court cannot use the Carter factors as an exclusive four-factor test to determine whether an entity is an employer under the FLSA." (quotation marks omitted)). An entity or individual may functionally control workers even though that entity or individual does not formally control them. See Zheng v. Liberty Apparel Co., 355 F.3d 61, 72 (2d Cir. 2003). Functional control is analyzed pursuant to a six-factor test:

> (1) whether [a defendant's] premises and equipment were used for the plaintiffs' work; (2) whether [defendant] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [a defendant's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [a defendant or the defendant's] agents supervised

12

plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [the defendant].

Zheng, 355 F.3d at 72; see also Slamna v. API Rest. Corp., No. 12 Civ. 757(RWS), 2012 WL 2979067, at *4 (S.D.N.Y. July 20, 2012).

Here, Judge Cave concludes – as to Holdings and Think – that the Amended Complaint makes only conclusory allegations as to their exercise of formal control over Plaintiff.  (R&R (Dkt. No. 53) at 12 (citing Lopez v. Acme Am. Env't Co., 12 Civ. 511 (WHP), 2012 WL 6062501, at *5 (S.D.N.Y. Dec. 6, 2012)))  As to functional control, Judge Cave makes the same finding:  "there is no allegation in the [Amended Complaint] about the 'degree to which' Holdings and Think supervised [Plaintiff] or any other similarly-situated employees, or any other employment decisions for which they were responsible."  (Id. at 13 (citing Zheng, 355 F.3d at 71-72))  Because the Amended Complaint does not plead facts sufficient to demonstrate that either Holdings or Think were Plaintiff's "employer" for purposes of the FLSA, Judge Cave recommends that Defendants' motion to dismiss be granted as to them.  (Id. (citation omitted))

There is no error – much less clear error – in Judge Cave's finding that the Amended Complaint's brief and conclusory references to Holdings and Think are insufficient to demonstrate their control over the terms and conditions of Plaintiff's employment. Accordingly, this Court will adopt Judge Cave's recommendation that Plaintiff's claims against Holdings and Think be dismissed.

### B. The Amended Complaint Sufficiently Alleges that Andrés Was Plaintiff's Employer

Neither side has objected to Judge Cave's finding that the Amended Complaint sufficiently alleges that Andrés is Plaintiff's employer for purposes of the FLSA. Accordingly, her recommendation is reviewed solely for clear error. See Wingate, 2011 WL 5106009, at *1.

The Amended Complaint alleges that Andrés "is an owner and principal of the Corporate Defendants"; that he "exercises operational control as it relates to all employees including Plaintiff"; that he "exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff"; that "employees could complain to" Andrés "regarding any of the terms of their employment"; and that Andrés "had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly." (Am. Cmpl. (Dkt. No. 26) ¶ 14)

In support of these allegations, Plaintiff has submitted – as exhibits to the Amended Complaint – statements Andrés posted on Twitter and on the Mercado Little Spain website. (Id. ¶ 15 (citing Ex. B (Dkt. No. 26-2) and Ex. C (Dkt. No. 26-3)))

As discussed above, an individual constitutes an "employer" under the FLSA where he or she "possesse[s] the power to control the workers in question," Herman, 172 F.3d at 139, and an employer need not come into direct contact with an employee, the "workplaces, or [the] schedules" to be in control of an employee. Irizarry v. Catsimatidis, 722 F.3d 99, 110 (2d Cir. 2013).

As Judge Cave explains, Andrés's statements in his Twitter posts and on the Mercado Little Spain website demonstrate his control over Plaintiff's employment. (R&R (Dkt. No. 53) at 19-20) He speaks of opening Mercado Little Spain's facilities in New York, of his role in deciding to "'temporarily close Mercado Little Spain'" due to the pandemic, and makes statements indicating that he controls employees' work schedules, compensation, and benefits. (Id. at 20 (quoting Ex. C (Dkt. No. 26-3) at 2; citing Ex. B (Dkt. No. 26-2) at 2))

This Court finds no clear error in Judge Cave's analysis or her recommendation. Accordingly, Defendants' motion to dismiss will be denied as to Andrés.

### C. Leave to Amend

Although Plaintiff does not request leave to file a second amended complaint, Judge Cave recommends that leave to amend be granted as to Holdings and Think. (Id. at 21) As neither side has objected to her recommendation it is reviewed for clear error. See Wingate, 2011 WL 5106009, at *1.

District courts "ha[ve] broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 793, 801 (2d Cir. 2000), and "leave to amend should be freely granted when 'justice so requires.'" Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)); see also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" (quoting Foman v. Davis, 371 U.S. 178, 182 (1962))). Leave to amend may be denied, however, due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party . . . futility of amendment, etc." Foman, 371 U.S. at 182.

This Court cannot find that amendment would be futile as to Holdings and Think. Accordingly, leave to amend will be granted as to these entities.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety. The motion to dismiss is granted as to Defendants Hudson Hall Holdings LLC and Think Food Group, LLC, but denied as to Defendant José Ramon Andrés Puerta. Leave to amend is granted as to Hudson Hall Holdings LLC and Think Food Group, LLC.

Any motion for leave to file a Second Amended Complaint will be served and filed by **March 8, 2021**. The proposed Second Amended Complaint is to be attached as an exhibit to the motion, and a redline comparison between the Amended Complaint and Second Amended Complaint will likewise be attached as an exhibit to the motion.

The Clerk of Court is directed to terminate the motion to dismiss (Dkt. No. 32).

Dated: New York, New York
       February 24, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge