**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DERRICK STEWART,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

               Plaintiffs,

             v.

HUDSON HALL LLC
       d/b/a MERCADO LITTLE SPAIN,
HUDSON HALL HOLDINGS LLC
       d/b/a MERCADO LITTLE SPAIN,
THINK FOOD GROUP, LLC,
and JOSÉ RAMON ANDRÉS PUERTA
       a/k/a JOSÉ ANDRÉS,

             Defendants.

Case No. 1:20-cv-00885-PGG-SLC

---

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
## THE FIRST AMENDED COMPLAINT

---

FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
Matthew C. Berger, Esq.
101 Park Avenue, 17th Floor
New York, NY 10017
Tel:  (212) 878-7900
Fax:  (212) 692-0940

*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT BACKGROUND ............................................................................................... 3

    I.       PROPOSED AMENDMENTS TO FIRST AMENDED COMPLAINT ............... 3

    II.      RELEVANT PROCEDURAL HISTORY ............................................................ 5

ARGUMENT ......................................................................................................................... 7

    III.    PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED .......................... 7

        A.     Legal Standard ....................................................................................... 7

        B.     Plaintiff's Motion Should Be Denied Based on His Undue Delay ............ 7

             (i)     Allegations of Pre- and Post-Shift Work ....................................... 9

             (ii)    Allegations of Unpaid Breaks ....................................................... 10

        C.     Permitting Plaintiff to Amend his FAC will Cause Severe Prejudice to Defendants ....................................................................... 11

        D.     Plaintiff's Motion Evinces Bad Faith and Should Therefore be Denied .................................................................................................. 13

        E.     Plaintiff's Proposed Off-the-Clock Amendments Are Futile .................. 14

CONCLUSION .................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arcadi v. Nestle Foods Corp.*,
  841 F. Supp. 477 (N.D.N.Y. 1994), *aff'd*, 38 F.3d 672 (2d. Cir. 1994) .................................16

*Barrows v. Forest Labs., Inc.*,
  742 F.2d 54 (2d Cir. 1984).................................................................................................11

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993)..................................................................................................7

*Bromfield v. Bronx Lebanon Special Care Center, Inc.*,
  16-CV-10047 (ALC) (HBP), 2019 WL 1873156 (S.D.N.Y. April 26, 2019) ........................12

*Chung v. City Univ. of New York*,
  605 F. App'x 20 (2d Cir. 2015) ............................................................................................15

*Cresswell v. Sullivan & Cromwell*,
  922 F.2d 60 (2d Cir. 1990)...................................................................................................8

*Dawson v. Pelican Mgmt., Inc.*,
  11-CV-1753 (KAM) (LB), 2012 WL 2357308 (E.D.N.Y. June 1, 2012) ........................10, 11

*Dumann Realty, LLC v. Faust*,
  2011 WL 2749553 (S.D.N.Y. 2011).....................................................................................11

*Edwards v. City of New York*,
  No. 08-CV-3134 (DLC), 2011 WL 3837130 (S.D.N.Y. Aug. 29, 2011) ..............................15

*Ferring B.V. v. Serenity Pharm., LLC*,
  17-CV-9922 (RWS), 2019 WL 117316 (S.D.N.Y. Jan. 7, 2019)...........................................12

*Foman v. Davis*,
  371 U.S. 178 (1962)...............................................................................................................7

*Gorman v. Consol. Edison Corp.*,
  488 F.3d 586 (2007)..............................................................................................................16

*Haight v. The Wackenhut Corp.*,
  692 F. Supp. 2d 339 (S.D.N.Y. 2010)....................................................................................16

*IBP, Inc. v. Alvarez*,
  546 U.S. 21 (2005)................................................................................................................15

*Justin R. v. Bloise*,
  06-CV-6228 (BSJ) (RLE), 2008 WL 926507 (S.D.N.Y. Apr. 4, 2008) ..................................10

*Kant v. Columbia Univ.*,
  08-CV-7476 (PGG), 2010 WL 807442 (S.D.N.Y. Mar. 9, 2010) ...........................................14

*Lesnik v. Lincoln Financial Advisors Corp.*,
  18-CV-03656 (PAC), 2019 WL 6169971 (S.D.N.Y. Nov. 20, 2019) ...........................8, 9, 11

*Lundy v. Catholic Health Sys. of Long Island*,
  711 F.3d 106 (2d Cir. 2013).................................................................................................17

*Matima v. Celli*,
  228 F.3d 68 (2d Cir. 2000)......................................................................................................7

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007)....................................................................................................7

*Optionality Consulting PTE. LTD. v. Edge Tech. Grp. LLC*,
  18-CV-5393 (ALC), 2021 WL 310942 (S.D.N.Y. Jan. 29, 2021)..........................................14

*Perez v. Wells Fargo & Co.*,
  2016 WL 4180190 (N.D. Cal. Aug. 8, 2016) ........................................................................16

*Rountree v. US Bank NA*,
  15-CV-9018 (KPF), 2017 WL 31405 (S.D.N.Y. Jan. 3, 2017) ......................................8, 12

*Ruotolo v. City of N.Y.*,
  514 F.3d 184 (2d Cir. 2008)....................................................................................................7

*Steiner v. Mitchell*,
  350 U.S. 247 (1956)...............................................................................................................15

*Toliver v. Office-Dep't of Corr. NYC*,
  2013 WL 3783727 (S.D.N.Y. 2013) ......................................................................................11

*Touchstream Techs., Inc. v. Vizbee, Inc.*,
  2019 WL 3304884 (S.D.N.Y 2019)........................................................................................11

*Zubulake v. UBS Warburg LLC*,
  231 F.R.D. 159 (S.D.N.Y. 2005) .............................................................................................7

**Statutes**

29 U.S.C. § 254(a) ......................................................................................................................15

**Other Authorities**

29 C.F.R. § 790.7(g) ...................................................................................................15

29 C.F.R. § 790.8(c) ...................................................................................................15

Fed. R. Civ. P. 15(a) ....................................................................................................7

## PRELIMINARY STATEMENT

Defendants Hudson Hall LLC ("Hudson Hall") d/b/a Mercado Little Spain, Think Food Group LLC ("TFG"), and José Ramon Andrés Puerta a/k/a José Andrés (collectively, "Defendants")[1] respectfully submit this Opposition to Plaintiff Derrick Stewart's ("Plaintiff") Motion to Amend the First Amended Complaint (hereinafter the "Motion").

This Court should deny Plaintiff's Motion because it categorically fails to meet the legal standard required to amend a complaint at this stage of the litigation. Plaintiff's Motion is nothing short of a last-ditch effort to add new claims to his pleadings that could—and should—have been included in his original Complaint or his First Amended Complaint ("FAC"). There are no "new facts" that were "recently uncovered" as Plaintiff contends; all of Plaintiff's "new" allegations were either known or should have been known to Plaintiff at the time he filed his FAC. As discovery has now been closed for over two months, there is simply no basis for claiming that Defendants would not suffer prejudice if the Court grants Plaintiff's Motion, and there is no possible good-faith basis for Plaintiff's untimely and bad-faith request to amend the FAC.

Plaintiff's Motion should be denied for four reasons. First, the Motion should be denied because of Plaintiff's undue delay in seeking to file the proposed Second Amended Complaint ("SAC"). Plaintiff filed this putative class and collective action Complaint against Defendants on January 31, 2020, alleging various wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After Defendants highlighted deficiencies with the Complaint, Plaintiff filed the FAC on April 27, 2020. The FAC contained numerous additional allegations in support of Plaintiff's claims, suggesting that Plaintiff had provided his counsel with significant additional details about his claims. On May 29, 2020, Defendants filed

---

[1] The Court dismissed all claims against former Defendant Hudson Hall Holdings LLC on February 24, 2021. *See* Dkt. No. 87. Plaintiff does not seek to amend his pleadings to assert claims against that entity.

a motion to dismiss that sought dismissal of the claims asserted against Mr. Andrés, TFG, and Hudson Hall Holdings LLC ("Holdings"). On October 19, 2020, Magistrate Judge Cave issued a Report & Recommendation (the "R&R") recommending that the Court grant in part and deny in part Defendants' motion. The R&R also recommended that Plaintiff be given an opportunity to file a SAC. Although no party objected to the R&R, Plaintiff elected not to file a SAC to address the deficiencies in the FAC. Discovery closed on December 31, 2020, yet Plaintiff still elected not to file a SAC until more than two months after the close of discovery. All of the "new allegations" in the proposed SAC reflect claims that Plaintiff either was or should have been aware of at the time he filed his original Complaint or at the time he filed his FAC. Plaintiff's Motion wholly fails to explain this undue delay.

Second, the Motion should be denied because if Plaintiff is permitted to file the SAC, Defendants will be severely prejudiced. Discovery closed more than two-and-a-half months ago, and both Plaintiff and Defendants have proposed filing motions for partial summary judgment. Contrary to Plaintiff's assertion, the SAC includes new claims and allegations about which Defendants were not aware. If the Court grants Plaintiff's Motion, discovery will need to be re-opened and additional depositions will need to be taken (or re-taken), causing significant delay and expense to Defendants and the Court.

Third, Plaintiff's request to add new claims and allegations after discovery has closed is made in bad faith. Plaintiff's proposed amendments fall into three categories: (i) dropping all allegations and claims against Holdings; (ii) adding new facts to support Plaintiff's assertion that TFG and Mr. Andrés are his purported employers under the FLSA; and (iii) including new purported allegations concerning his time-shaving claims[2]. Defendants do not oppose Plaintiff's

---

[2] While Plaintiff calls these new allegations "time-shaving," they are more properly characterized as "off-the-clock" claims.

proposed amendments with respect to the first two categories.   However, the allegations purportedly supplementing Plaintiff's off-the-clock claims have been made in "bad faith." Plaintiff seeks to add allegations concerning donning and doffing, preliminary work, and unpaid breaks.  These are not "supplements" to his off-the-clock claims, but are entirely new allegations. Moreover, Plaintiff knew about these "new" allegations and the "facts" purportedly supporting them at the time he filed his original Complaint and FAC.  Plaintiff can offer no explanation as to why they were not included in his original Complaint filed in January 2020 or the FAC filed in April 2020.   Waiting more than two months after the close of discovery to add these new allegations is simply "bad faith" that the Court cannot reward.

Finally, Plaintiff's amendments concerning additional off-the-clock claims are futile. Courts reject proposed amendments to a complaint when such amendments would not survive a Rule 12(b) motion to dismiss.  Such is the case here.  The proposed amendments do not contain sufficient factual detail to support an inference that Defendants violated the law.  As such, the proposed amendments would not survive a motion to dismiss and therefore, they are futile.

Accordingly, for all of these reasons, Plaintiff's Motion should be denied.

## RELEVANT BACKGROUND

### I.      PROPOSED AMENDMENTS TO FIRST AMENDED COMPLAINT

Plaintiff's proposed SAC includes numerous new allegations and revisions that can generally be grouped into three categories: (1) dropping all claims and allegations against Holdings, which Defendants do not oppose; (2) new "facts" supporting Plaintiff's assertion that TFG and Mr. Andrés were his purported employers under the FLSA and NYLL[3]; and (3) new allegations concerning Plaintiff's off-the-clock claims.

---

[3] Defendants do not concede that TFG or Mr. Andrés were Plaintiff's employer.  However, Defendants concede that they have been on notice since the inception of the case that Plaintiff asserts that TFG and Mr. Andrés were his

In Plaintiff's FAC, the allegations concerning his off-the-clock claims were that Defendants required Plaintiff to perform off-the-clock work for two (2) hours per week (cleaning and scrubbing the floor), that managers required him to seek approval for clocking-in/clocking-out more than five minutes before or after his shift, and that he was unable to take an unpaid thirty (30) minute meal break. *See* Dkt. No. 26 (FAC), ¶¶ 36-37. The proposed SAC does not purport to add "facts" or "details" to expand upon these allegations. Rather, the proposed SAC includes entirely new allegations that either were known or should have been known to Plaintiff when he filed his Complaint and/or the FAC. Specifically, the SAC seeks to add the following new allegations:

- Plaintiff "was required to change into the company uniform and drop-off our [*sic*] equipment in the company locker-room. His uniform included a chef's jacket that was supplied to him on a daily basis by Defendants . . ." and the uniform was required "for aesthetics, and because [he was] in the food-industry, to ensure cleanliness of those handling food." Dkt. No. 91-1, ¶ 38;

- "[T]he time [it took for Plaintiff] to change [into his uniform] was further exacerbated by Defendants because they have hundreds of employees, the wait for the locker-room to change was significant, especially [as] the locker [*sic*] was co-ed, there were cameras[, and anyone who] want[ed] privacy to change had to use the bathroom stalls, of which there were only two[.]" *Id.*, ¶ 39;

- "Plaintiff was required to bring his own equipment, such as kitchen knives, to work" and spend time finding a locker for his equipment. *Id.*, ¶ 40;

---

"employer" under the FLSA and NYLL Therefore, Defendants do not contest that aspect of Plaintiff's Motion in which he seeks to add "facts" to support his assertion about the employer-employee relationship between himself and TFG and Mr. Andrés. Nonetheless, Defendants do not admit that the new "facts" are true or accurate.

- "Between the wait to change into the uniform, the hunting down of an available locker, and the walk over to employees' stations to clock-in, a significant amount of unpaid time accrued. Additionally, managers would often ask for assistance on various tasks as soon as Plaintiff and other employees left the locker room and before they could reach their workstation to clock-in, so this work also went uncompensated. Together, these off-the-clock activities amounted to an average of 15-20 minutes of uncompensated pre-shift work time every day." *Id.*, ¶ 41;

- "Defendants had a policy to not compensate Plaintiff . . . for any and all breaks lasting 20 minutes or less." *Id.*, ¶ 42; and

- All of the above tasks and time spent off-the-clock were integral and indispensable to Plaintiff's employment. *See id.*, ¶ 43.

None of the above proposed allegations were included in the Complaint or the FAC. In fact, the Complaint and FAC did not even suggest that these allegations were the basis of Plaintiff's off-the-clock claims. Simply put, these proposed allegations do not merely "add details" to "already pled claims of time shaving," Dkt. No. 92, at pp. 4-5; instead they add entirely new allegations that will unfairly prejudice Defendants and cause undue delay to the resolution of this matter.

## II.   <u>RELEVANT PROCEDURAL HISTORY</u>

On January 31, 2020, Plaintiff filed a putative class and collective action Complaint against Defendants, alleging various wage and hour claims under the FLSA and the NYLL. *See* Dkt. No. 1. On April 27, 2020, Plaintiff filed his FAC. *See* Dkt. No. 26. On May 29, 2020, Defendants filed a motion to dismiss that sought dismissal of the claims asserted against Mr. Andrés, Holdings, and TFG. *See* Dkt. Nos. 32-33. On October 19, 2020, Magistrate Judge Cave

issued the R&R, recommending that the Court grant Defendants' motion with respect to Holdings and TFG, but deny it with respect to Mr. Andrés. *See* Dkt. No. 53. The R&R also recommended that Plaintiff be given an opportunity to file a second amended complaint to address the FAC's deficiencies with respect to Holdings and TFG. *See id*. No party objected to the R&R and Plaintiff did not move to file his SAC until the instant Motion, nearly five months after Magistrate Judge Cave's R&R suggested he should do so.

On June 25, 2020, Magistrate Judge Cave so-ordered the parties' Case Management Plan, which provided that all fact discovery was to be completed by December 31, 2020. *See* Dkt. No. 41. The parties engaged in extensive discovery, including the exchange of documents, answering each party's interrogatories, and the taking of depositions. On the evening that discovery closed, December 31, 2020, Plaintiff filed a motion for an extension of the discovery deadline. *See* Dkt. No. 69. The Court denied Plaintiff's motion. *See* Dkt. No. 82.

On February 19, 2021, pursuant to the Court's Individual Rules, Plaintiff filed a pre-motion letter with the Court seeking a conference to address his proposed motion for partial summary judgment. *See* Dkt. No. 84. On February 22, 2021, Defendants filed a pre-motion letter with the Court seeking a conference to address their motion for partial summary judgment. *See* Dkt No. 85.

Two days later, on February 24, 2021, the Court issued an Order adopting the R&R. *See* Dkt. No. 87. In the February 24th Order, the Court noted that, in opposing Defendants' Motion to Dismiss Plaintiff did not request leave to amend. *See id.*, at p. 15. However, the R&R recommended "that leave to amend be granted as to Holdings and T[FG]." *Id*. Accordingly, the Court granted Plaintiff leave to amend the FAC with respect to adding allegations concerning Holdings' and TFG's status as employers. *See id.*, at p. 16. The Court did not grant leave to

Plaintiff to make any other amendments.  *See id.*  On March 8, 2021, Plaintiff filed the instant

motion.  *See* Dkt. Nos. 90-92.

## ARGUMENT

**III.    PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED**

    **A.    Legal Standard**

Under Rule 15(a), leave to amend a complaint should be granted "when justice so

requires."  Fed. R. Civ. P. 15(a)(2). However, "it is within the sound discretion of the district

court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp., 48*2 F.3d 184, 200

(2d Cir. 2007).  "Leave to amend, though liberally granted, may properly be denied for: 'undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, futility of amendment, etc.'"  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d

Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Factors relevant to a showing

of prejudice include 'whether the assertion of new claims would: (i) require the opponent to

expend significant additional resources to conduct discovery and prepare for trial; (ii)

significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction.'"  *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 161

(S.D.N.Y. 2005) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  In this

instance, the Court should exercise its discretion to deny Plaintiff's Motion due to Plaintiff's

undue delay, the prejudice to Defendants, Plaintiff's bad faith, and because Plaintiff's off-the-

clock amendments are futile.

    **B.    Plaintiff's Motion Should Be Denied Based on His Undue Delay**

Leave to amend should be denied because Plaintiff offers no satisfactory explanation

justifying his delay in seeking to amend the FAC.  *See Matima v. Celli*, 228 F.3d 68, 81-82 (2d

Cir. 2000) (affirming denial of motion after "inordinate delay, no satisfactory explanation [was] offered for the delay, and the amendment would prejudice the defendant") (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (inordinate delay where plaintiff moved to amend more than six months after previously amending complaint)); *see also Rountree v. US Bank NA*, 15-CV-9018 (KPF), 2017 WL 31405, at *17 (S.D.N.Y. Jan. 3, 2017) (leave to amend denied for undue delay or dilatory motive on the part of the movant).

Plaintiff's proposed SAC seeks to assert, for the first time, factual allegations and claims based on information and events clearly within his knowledge that occurred well before his claims were first pled more than one year ago in his original Complaint, and certainly within his knowledge at the time he filed his FAC, 11 months ago.  This delay alone is grounds to deny Plaintiff's Motion.  *See Cresswell*, 922 F.2d at 72 (upholding denial of plaintiff's request to amend a complaint a third time because discovery had closed and plaintiff had waited over six months after filing the second amended complaint before seeking leave to file a third amended complaint); *Lesnik v. Lincoln Financial Advisors Corp.*, 18-CV-03656 (PAC), 2019 WL 6169971, at *2 (S.D.N.Y. Nov. 20, 2019) (denying plaintiff's motion to amend the complaint due to undue delay as plaintiff waited more than 11 months from the time he became aware of new facts before he sought leave to amend).

Plaintiff's proposed amendments are also sought nearly five months after he was provided with an opportunity to amend his FAC when Magistrate Judge Cave issued her R&R in October 2020 to which Plaintiff offered no objection.  Plaintiff fails to provide an adequate explanation for this delay, disingenuously claiming that he only learned of these new facts at the end of discovery through the depositions of several of Defendants' employees.  However, it is clear that Plaintiff either knew or should have known of these purported "new" facts many months ago and certainly before the close of discovery.  Therefore, his Motion should be denied.

### (i)     <u>Allegations of Pre- and Post-Shift Work</u>

Plaintiff asserts that it "was discovered through Mr. Michael Principe [*sic*] deposition and Mr. Jose Ayala's second deposition" that Plaintiff was required to appear at Mercado Little Spain ("MLS") "long before" his start time and before he was allowed to clock in.  Dkt. No. 92, at p 7.  Plaintiff, therefore, proposes to add to the SAC a host of new allegations concerning alleged pre- and post-shift work.  Specifically, the SAC adds allegations that he was required to appear at MLS "long before" his scheduled start time; he was required to change into a uniform and drop-off equipment in the locker-room; the time it took for Plaintiff to change into his uniform was extended because the locker was co-ed, there were cameras, and anyone who wanted privacy to change had to use one of the two bathroom stalls; and the time spent between changing in the locker room, looking for a locker, and walking to Plaintiff's workstation where he could clock-in would take 15-20 minutes, and during that time, managers would ask for assistance on various tasks.  *See* Dkt. No. 91-1, ¶¶ 38-42.

Plaintiff's assertion that he only learned of these facts during discovery is absurd. Plaintiff asks the Court to believe that at the time he filed his original Complaint, and then when he filed his FAC, Plaintiff was unaware of his own actions during the course of his employment, which ended more than six months prior to the filing of the original Complaint.  Indeed, it is disingenuous at best for Plaintiff to assert that he did not know until he took Mr. Principe's and Mr. Ayala's depositions in late 2020 that it took him time to change, find a locker, and walk to his clock-in station.  Clearly, this is not the case, and Plaintiff offers no explanation as to why these allegations were not pled in the original Complaint, much less the FAC.  Plaintiff's delay in asserting these allegations is unreasonable.  *See Lesnik*, 2019 WL 6169971, at *2 (holding that there was undue delay when plaintiff learned of new allegations and then waited over 11 months to amend his complaint to assert such allegations).

Further, Plaintiff's original Complaint and the FAC contain detailed "facts" about his off-the-clock allegations.  *See* Dkt. No. 26, ¶¶ 36-38.  It is inconceivable that Plaintiff was not aware of the allegations that he now seeks to add.  Accordingly, Plaintiff's request to amend the FAC to add new allegations with respect to his purported pre- and post-shift work claims should be denied because the proposed amendments are untimely and his explanations for the delay are disingenuous and incredible.  *See Dawson v. Pelican Mgmt., Inc.*, 11-CV-1753 (KAM) (LB), 2012 WL 2357308, at *3 (E.D.N.Y. June 1, 2012), *report and recommendation adopted,* 11-CV-1753 (KAM) (LB), 2012 WL 2344663 (E.D.N.Y. June 19, 2012) ("Plaintiff's instant motion to amend comes over a year after the commencement of the action, six months after the Court granted plaintiff leave to amend for the first time, and ten days before the close of discovery. This constitutes undue delay."); *Justin R. v. Bloise*, 06-CV-6228 (BSJ) (RLE), 2008 WL 926507, at *1 (S.D.N.Y. Apr. 4, 2008), *adopted*, 06-CV-6228 (BSJ), 2009 WL 636537 (S.D.N.Y. Mar. 6, 2009) ("[W]hen a party moves to amend after an inordinate delay, they must offer a satisfactory explanation for the delay . . . and the longer the delay, the less the non-movant must show to establish prejudice." (internal citations and quotation marks omitted)).

### (ii)   Allegations of Unpaid Breaks

Plaintiff seeks to add allegations that Defendants had a policy of not paying employees for breaks lasting less than 20 minutes.  *See* Dkt No. 92, at pp. 8-9.  However, Plaintiff fails to explain why this claim was not included in the original Complaint or the FAC.  The proposed inclusion of this entirely new allegation at this late juncture is egregious because Defendants produced to Plaintiff his time punch entries in March 2020, which reflected his unpaid breaks. *See* Declaration of Glenn S. Grindlinger, Esq. ("Grindlinger Decl."), Exhibit ("Ex.") A.  As such, Plaintiff knew (or should have known) about this allegation when he received such discovery. His request to amend his complaint to include this claim 11 months after he became aware of it is

inexusable.  *See Lesnik*, 2019 WL 6169971, at *2; *Dawson*, 2012 WL 2357308, at *3.
Therefore, Plaintiff's request to amend the FAC with respect to this claim should also be denied
as untimely.

C.   **Permitting Plaintiff to Amend his FAC will Cause Severe Prejudice to Defendants**

As discussed above, the Court should deny Plaintiff's Motion because of Plaintiff's
undue delay in seeking yet another amendment of his pleadings.  The Court must also deny
Plaintiff's Motion because his proposed amendments to the FAC will prejudice Defendants.
Courts in this Circuit routinely deny motions to amend a complaint that includes new allegations,
additional defendants, or requests for relief, where motions are pending, or there is undue delay
on the part of the plaintiff in bringing the motion.  *See, e.g.*, *Barrows v. Forest Labs., Inc.*, 742
F.2d 54, 58 (2d Cir. 1984) (denying leave to amend to add a new claim which would unfairly
prejudice the opposing party "by substantially altering the complaint's theories of relief and
delaying the trial of the case"); *Touchstream Techs., Inc. v. Vizbee, Inc.*, 2019 WL 3304884, at
*3 (S.D.N.Y 2019) (denying plaintiff's motion for leave to file an amended complaint adding
individual defendants because discovery was closed and it would prejudice the proposed
defendants "by depriving them of an opportunity to conduct any discovery in connection with the
plaintiff's proposed inducement of infringement claims, which entail elements not present in the
original infringement claims"); *Toliver v. Office-Dep't of Corr. NYC*, 2013 WL 3783727, at *6
(S.D.N.Y. 2013) ("However, allowing the plaintiff to join the City of New York and plead a
*Monell* claim at this juncture would unduly prejudice the defendants.  Discovery is closed and a
motion for summary judgment has been filed."); *Dumann Realty, LLC v. Faust*, 2011 WL
2749553, at *3 (S.D.N.Y. 2011) (denying amended complaint given that discovery was closed

and plaintiff's additional claims would prejudice defendant because he would need to expend resources to conduct additional discovery that would delay trial).

Here, Defendants will be severely prejudiced if the Court grants Plaintiff's Motion. Discovery has now been closed for more than two-and-a-half months, Defendants already filed a motion to dismiss and would need to renew that motion or file a new motion to dismiss, Plaintiff's motion for conditional certification is fully briefed and pending before the Court, Plaintiff has filed a Rule 23 motion for class certification, and the parties have proposed filing motions for partial summary judgment.  If the Court permits Plaintiff to file the SAC, discovery will need to be re-opened and many (if not all) of the pending motions may need to be revisited, further delaying resolution of this matter.  In addition, Defendants will need to expend significant resources  to depose Plaintiff again and take other discovery in order to address these new claims. This is prejudicial to Defendants.  *See Bromfield v. Bronx Lebanon Special Care Center, Inc.*, 16-CV-10047 (ALC) (HBP), 2019 WL 1873156, at *3 (S.D.N.Y. April 26, 2019) ("Moreover, plaintiff's filing after the close of discovery and defendants' statement of intent to move for summary judgment would result in undue prejudice to defendants"); *Ferring B.V. v. Serenity Pharm., LLC*, 17-CV-9922 (RWS), 2019 WL 117316, at *4 (S.D.N.Y. Jan. 7, 2019) (concluding defendants would be prejudiced if plaintiff were permitted to amend its complaint for the second time because "motions pending in this case–and those yet to be heard–are numerous"; an "amended complaint at this stage could render moot certain of these motions, requiring renewal by Defendants at great cost to both parties and the Court"; and the "amendment could likewise require supplemental discovery . . . which would be prejudicial to Defendants"); *Rountree*, 2017 WL 31405, at *18 (denying leave to amend based on prejudice to defendants "because it would force them to expend time and money responding to the Amended Complaint" and "would

benefit Plaintiff by allowing him to file an Amended Complaint that he drafted after reading two motions to dismiss that identified the deficiencies in his original Complaint").

Accordingly, Plaintiff's Motion should be denied.

### D. **Plaintiff's Motion Evinces Bad Faith and Should Therefore be Denied**

The proposed amendments to the factual allegations in the FAC further demonstrate that denial of leave is appropriate here because of Plaintiff's bad faith.   Contrary to Plaintiff's contention that the proposed SAC alleges substantially the same facts as the FAC and that Defendants have been put on notice of the factual allegations that form the basis of his amended claims, the proposed SAC asserts entirely new factual allegations about which Defendants had no notice.  *Compare* Dkt. No. 26 (FAC), ¶¶ 36-37, *with* Dkt. No. 91-1, ¶¶ 38-45.

For example, the proposed SAC alleges, for the first time, that

- Plaintiff was required to appear at MLS "long before" his scheduled start time;

- he was required to change into a uniform and drop-off equipment in the locker-room;

- the time it took for Plaintiff to change into his uniform was extended because the locker was co-ed, there were cameras, and anyone who wanted privacy to change had to use one of the two bathroom stalls;

- the time spent between changing in the locker room, looking for a locker, and walking to Plaintiff's workstation where he could clock-in would take 15-20 minutes, and during that time, managers would ask for assistance on various tasks; and

- Defendants failed to pay Plaintiff for breaks lasting 20 minutes or less.

*See* Dkt No., Ex. A, ¶¶ 38-45. Plaintiff does not explain his sudden recollection of these facts fourteen months after he first brought this action, and two months after the close of discovery.

Instead, Plaintiff is asking the Court to accept that he was unaware of things he allegedly personally experienced during the course of his own employment, which ended in July 2019. Indeed, he is asking this Court to believe that he did not know it took him time to change, find a locker, and walk to his clock-in station, and that he did not know managers would ask him for assistance on various tasks before he could clock in, until he took Mr. Principe's and Mr. Ayala's depositions more than a year after he stopped working for MLS.  It would be absurd to take Plaintiff's assertions at face value.  Plaintiff's lack of explanation under these circumstances supports a finding of bad faith.  *See, e.g., Optionality Consulting PTE. LTD. v. Edge Tech. Grp. LLC*, 18-CV-5393 (ALC), 2021 WL 310942, at *5 (S.D.N.Y. Jan. 29, 2021) (concluding that plaintiff's new allegations in the amended complaint were not added in good faith because "Plaintiff's attempt to expand on deficiencies that were in the Original Complaint is unavailing" and "Plaintiff's unexplained recollection of . . . critical facts . . . cannot be reconciled with the Original Complaint"); *Kant v. Columbia Univ.*, 08-CV-7476 (PGG), 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (finding plaintiff's "unexplained new recollection concerning [a] critical aspect" of his claim "first asserted ten months after his original complaint" and only after defendant's motion to dismiss "strongly suggests bad faith").

Plaintiff should not be rewarded for such an obvious lack of candor and therefore his Motion should be denied.

### E.     Plaintiff's Proposed Off-the-Clock Amendments Are Futile

Even if there were not undue delay, prejudice, or bad faith, the Court should still deny Plaintiff's Motion with respect to his proposed off-the-clock amendments because they are futile.

"An amendment is futile if the proposed pleading would not survive a Rule 12(b)(6) motion to dismiss." *Chung v. City Univ. of New York*, 605 F. App'x 20, 21 (2d Cir. 2015).  Such is the case at bar.

Plaintiff's proposed allegations with respect to uncompensated time while changing into his uniform would not survive a motion to dismiss because preliminary and postliminary activities are only compensable if such activities are integral and indispensable to an employee's work, and Plaintiff's proposed amendments do not include any allegations as to why or how MLS uniforms are integral and indispensable.  *See IBP, Inc. v. Alvarez,* 546 U.S. 21, 27 (2005) (holding the preliminary and postliminary work such as donning and doffing clothes, walking to one's work station, and waiting in line are not compensable unless they are integral and indispensable to the employee's principal activity).   "The Portal-to-Portal Act 'narrowed the coverage of the FLSA by excepting two activities that had been treated as compensable' under Supreme Court precedent: (1) 'walking on the employer's premises to and from the actual place of performance of the principal activity of the employee'; and, (2) 'activities that are preliminary or postliminary to that principal activity.'"  *Edwards v. City of New York*, No. 08-CV-3134 (DLC), 2011 WL 3837130, at *6 (S.D.N.Y. Aug. 29, 2011) (quoting *Alvarez,* 546 U.S. at 27, and 29 U.S.C. § 254(a)) (certain internal quotation marks omitted).  In general, "checking in and out and waiting in line to do so, changing clothes, washing up or showering, and waiting in line to receive pay checks" are not compensable under FLSA.  29 C.F.R. § 790.7(g).  Indeed, such activities are only compensable if they are so integral to be part of the employee's principal activity.  *See* 29 C.F.R. § 790.8(c); *Alvarez,* 546 U.S. at 27.

The Supreme Court has long held that unless the uniform is "unique protective gear" the donning and doffing of uniforms are not compensable.  *See Steiner v. Mitchell*, 350 U.S. 247,

248 (1956).  Thus, courts in this Circuit have held that employers did not have to compensate employees for changing into and out of uniforms that were far more extensive than Plaintiff's purported uniform. *See, e.g., Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592–94 (2007) (holding that time spent changing into and out of protective gear at nuclear power plant was not compensable); *Haight v. The Wackenhut Corp.*, 692 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2010) (holding that time spent by police officers badging into secure area, proceeding to locker rooms, and donning/doffing generic protective gear and uniforms was not compensable); *Arcadi v. Nestle Foods Corp.*, 841 F. Supp. 477, 483 (N.D.N.Y. 1994), *aff'd*, 38 F.3d 672 (2d. Cir. 1994) (time spent by employees at manufacturing facility changing into and out of uniforms was not compensable).   Based on applicable case law, Plaintiff's amendments in the proposed SAC concerning alleged off-the-clock work would not survive a motion to dismiss.  Plaintiff pleads no facts to support a claim that his uniform, waiting on line to change into a uniform, walking to his work station, and looking for a locker were all integral and indispensable to his principal activity at MLS.

Likewise, Plaintiff's proposed allegations with respect to purportedly unpaid breaks would not survive a motion to dismiss.  Plaintiff asserts that he was provided breaks of less than 20 minutes for which he was not compensated.  *See* Dkt. No. 92, at pp. 8-9.  However, an employer does not need to compensate an employee for bona fide meal periods, even when such meal periods are less than 20 minutes. *See Perez v. Wells Fargo & Co.*, No. 14-CV-0989 (PJH), 2016 WL 4180190, at *10 (N.D. Cal. Aug. 8, 2016) (noting that "the DOL issued an Opinion Letter in 2004, in which it determined that a 20-minute break was a bona fide meal period where the time was sufficient to eat a regular meal") (citing DOL Opinion Letter No. FLSA2004-22 (Nov. 22, 2004) "(meal period is bona fide where employee is relieved of duty 'for the purpose

of eating regular meals,' and distinguishing the breaks at issue from compensable rest breaks, which it described as "coffee breaks or time off for snack')"). The SAC does not contain any facts to suggest that Plaintiff did any work during these breaks nor does he assert that the breaks were not bona fide meal periods. As such, Plaintiff's amendments in the proposed SAC would not survive a motion to dismiss because he wholly fails to plead facts sufficient to support a claim that such breaks were compensable. *See Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 115 (2d Cir. 2013) (upholding dismissal of FLSA claims because complaint did not contain sufficient "insufficient allegations that additional minutes, such as meal breaks, were 'compensable' as a matter of law.")

Accordingly, Plaintiff's Motion with respect to these proposed amendments should be denied as futile.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion to Amend the First Amended Complaint should be denied.

Dated:     New York, New York           FOX ROTHSCHILD LLP
           March 22, 2021


                                        By*:___/s/ Glenn S. Grindlinger_____*
                                        Carolyn D. Richmond, Esq.
                                        Glenn S. Grindlinger, Esq.
                                        Matthew C. Berger, Esq.
                                        101 Park Avenue, 17th Floor
                                        New York, New York 10178
                                        Tel:  (212) 878-7900
                                        Fax:  (212) 692-0940

                                        *Attorneys for Defendants*