

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900
Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
DIRECT DIAL: 212-905-2305
EMAIL: GGRINDLINGER@FOXROTHSCHILD.COM

May 3, 2021

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **Stewart v. Hudson Hall LLC,** *et al.*
             **Civil Action No. 1:20-cv-00885 (PGG-SLC)**

Dear Judge Gardephe:

      We represent Defendants Hudson Hall LLC d/b/a Mercado Little Spain ("MLS"), Think Food Group LLC ("TFG"), and Jose Ramon Andrés Puerta a/k/a/ Jose Andrés (collectively, "Defendants") in the above-referenced matter.[1]  Defendants submit this letter respectfully requesting leave to file a sur-reply letter to address Plaintiff's Declaration in Support of Motion to Certify Class and Appoint Class Counsel ("Plaintiff's Declaration"), which was concurrently filed with Plaintiff's Memorandum of Law in Reply to Defendants' Opposition to Plaintiff's Motion to Certify Class and Approve Class Counsel (hereinafter "Plaintiff's Reply"), *see* Dkt. No. 113, and its accompanying exhibit, *see* Dkt. No. 114-1.

      Plaintiff's Reply asserts that Plaintiff's Declaration l was not initially filed with Plaintiff's moving papers.  *See* Dkt. No. 113, at 1-2.  Plaintiff states that this was due to an unintentional computer glitch.  *See id.* at 1.  Therefore, Plaintiff filed his Declaration contemporaneously with

---

[1] As noted in prior correspondence, on February 24, 2021, the Court granted Defendants' motion to dismiss the Complaint, *inter alia*, as to Hudson Hall Holdings LLC ("Holdings").  Because, thereafter, Plaintiff has not sought to add Holdings as a defendant, Holdings is no longer a party to this action.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota    Nevada
New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Virginia    Washington

122373700



Hon. Paul G. Gardephe  
May 3, 2021  
Page 2

his Reply and consented to Defendants seeking leave to file a sur-reply to allow them to address "any issues raised by Plaintiff's Declaration." *Id.* at 2; *see also* Dkt. No. 114-1.

Plaintiff asserts that his Declaration is integral to those arguments made in his motion for class certification, and it is routinely cited throughout Plaintiff's opening memorandum. *See generally* Dkt. No. 103. Having failed to have filed this Declaration simultaneously with Plaintiff's moving papers, Defendants were deprived of an adequate opportunity to fully oppose Plaintiff's arguments and all of the evidence cited therein. *See Anghel v. New York State Dept. of Health*, No. 12-cv-03484 (ADS) (WDW), 947 F. Supp. 2d 284, 293 (E.D.N.Y. May 29, 2013) (granting plaintiff permission to file sur-reply on basis that it would provide relevant information to the disposition of the case), *aff'd*, 589 F. App'x 28 (2d Cir. 2015).

If the Court accepts Plaintiff's Declaration and considers it when determining whether to grant Plaintiff Motion for Class Certification, Defendants would be prejudiced as it did not have a copy of Plaintiff's Declaration when it prepared and filed their opposition papers. Accordingly, Defendants respectfully request that this Court grant leave for Defendants to file a sur-reply letter in response to Plaintiff's Reply that addresses Plaintiff's Declaration to enable Defendants to adequately respond in full to those arguments made in Plaintiff's class certification motion.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Glenn S. Grindlinger*

Glenn S. Grindlinger

cc:   All Counsel of Record (*via* ECF)

122373700